## PHILADELPHIA, BALTIMORE AND WASHINGTON RAILROAD COMPANY *vs.* EARL CRAWFORD.

*False Arrest and Imprisonment—Liability of Railway Company for Assault and Arrest of Passenger at Station by Agent—Measure of Damages—Whether Agent Was Acting Within the Scope of His Employment— Instructions—Evidence.*

A person who comes on the grounds or approaches of a railway station for the purpose of taking passage on a train is a passenger, and the railway company is liable in damages for an assault there made on him without just cause by one of its employees, acting within the scope of his employment, and for the subsequent imprisonment of such person.

When the arrest and imprisonment of a passenger is made by an officer or agent of a railway company in charge of its sta-

tion and grounds, it is for the jury to decide whether the arrest was made by the officer acting within the scope of his employment.

In an action for false arrest and imprisonment, the jury was properly instructed that if they found for the plaintiff, under other prayers, then, in assessing damages, they are at liberty to take into consideration the nature of the force applied to the plaintiff, his sense of indignity and humiliation, and award him such sum as, under all the circumstances of the case, they may deem a fair and reasonable compensation therefor.

When the evidence in the case is legally sufficient to show that the plaintiff was assaulted without just cause on the premises of the defendant railway company, and that the person who made the assault was the agent of the company, acting within the scope of his employment, prayers offered by the defendant withdrawing the case from the jury for lack of evidence were properly refused.

A prayer offered by the defendant railway company instructed the jury that if a third party asked the defendant's employee to arrest the plaintiff when he was not on the grounds of the defendant, and the employee pursued the plaintiff and arrested him after he had gotten on the defendant's premises, then the defendant is not liable. *Held,* that this prayer was properly rejected, and that the Court correctly told the jury, in place of it, that if they found that at the time the defendant's employee first undertook to arrest the plaintiff, he was in the public highway, and that the actual arrest was made on the grounds of the defendant, in the course of the pursuit of the plaintiff begun upon the highway, not in the course of the performance of his duties by the employee, then their verdict should be for the defendant.

When the question is whether an arrest made by an agent of the defendant was made when he was acting within the scope of his employment or not, a witness cannot be asked to state whether that agent had ever previously made an arrest of any person while acting as an officer of the defendant, within the scope of his employment as such. The error in the admission of such evidence is not cured by the circumstance that the Court admitted it only to show that the defendant had

knowledge of the fact that such an arrest was within the scope of the agent's duty. The opinion of a witness that other arrests were made by an agent within the scope of his employment is not admissible. The question of fact for the jury to decide was whether or not this arrest was made by the agent while so acting.

*Decided February 4th, 1910.*

Appeal from the Circuit Court for Talbot County (PEARCE, C. J., and ADKINS, J.), where there was a judgment on verdict for the plaintiff for $1,500.

The cause was argued before BOYD, C. J., BRISCOE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*James C. Mullikin* and *W. M. Shehan,* for the appellant.

*J. Harry Covington* (with whom were *Wm. S. Evans* and *Omar D. Crothers* on the brief), for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appellee recovered a judgment, in the Circuit Court for Talbot County, against the appellant railway company for damages for an assault and battery and false arrest and imprisonment. The suit was instituted in the Circuit Court for Cecil County and then removed first to Queen Anne's County and afterwards to Talbot County, where its trial before a jury on the general issue plea resulted in the judgment from which the appeal was taken.

The events out of which the cause of action arose formed the closing scenes of a trip of a party, consisting of members of an amateur dramatic association, from Elkton to Havre de Grace on March 5th, 1907. After having a performance at the last named town the party went to the appellant's station for the purpose of returning to Elkton by the midnight train. While they were waiting in the station for the arrival of the train a disturbance occurred which resulted in

the arrest of one of the party, named Green, by W. M. Baldwin, a night officer of the railway company, whose duty it was to keep order in and around the station.

After the arrest and removal of Green, the equitable plaintiff, Earl Crawford, in company with another member of the party named Jones, started from the station to go into the town of Havre de Grace for a purpose apart from their proposed railway journey. At or near the division line between the railway property and the public streets of the town they met a municipal night officer named Kelley with whom Jones entered into a conversation which resulted in an altercation that led to his arrest by Kelley. Baldwin, the appellant's night officer, having been drawn to the spot by the controversy between Jones and Kelley arrested Crawford and the two young men were taken by the officers to the town lockup and imprisoned in it for the night.

There is evidence in the record tending to prove that it was the duty of Baldwin as night officer of the appellant to keep order at its station building and grounds and to protect passengers and persons, waiting there to take passage on its trains, from injury and abuse. There is also evidence tending to show that the arrest of the equitable appellee was made upon the station property and other evidence tending to show that it was made beyond the limits of that property upon a public street of the town. The evidence is also conflicting as to his conduct and attitude at the time of his arrest.

At the close of the case in the Court below the plaintiff offered four prayers, all of which were granted by the Court. The defendant offered six prayers of which the first, second and fifth were rejected and an instruction given by the Court to the jury in lieu of the fifth prayer. The third, fourth and sixth prayers were granted. The plaintiff's prayers were as follows:

1st "If the jury believe from the evidence that the plaintiff on the fifth day of March, in the year nineteen hundred and seven, was on one of the approaches to the station of the defendant at Havre de Grace, and that said approach was in

the occupancy and under the control of the defendant, with the intention of taking passage on one of its trains, he was then a passenger of the defendant and it was bound to exercise all reasonable care to protect him from personal insult, injury and abuse; and if they shall find that the plaintiff while he was on said approach to the defendant's station for the purpose aforesaid was without any reasonable cause assaulted by one of the defendant's officers, agents or employees while acting within the scope of his employment, then the plaintiff is entitled to recover.

2nd. "If the jury believe from the evidence that the plaintiff on the fifth day of March, in the year nineteen hundred and seven, was a passenger of the defendant and on one of the approaches to its station at Havre de Grace, and that said approach was in the occupancy and control of said defendant, with the intention of taking passage on one of its trains to Elkton, then he was entitled to protection by the defendant from insult, injury and abuse; and if the jury find that the plaintiff while a passenger as aforesaid, without any reasonable provocation was assaulted and imprisoned by one of the defendant's officers, agents or employees, in charge of its said station and approaches as aforesaid, while acting within the scope of his employment, then the plaintiff is entitled to recover.

3rd. "If the jury find from the evidence that Baldwin on the night of March 5th, 1907, was an officer, agent or employee of the defendant company and in charge of the station, grounds and approaches in the control and occupancy of said defendant at Havre de Grace, and shall further find that the plaintiff at the time of his arrest as testified to in this case was on ground and approaches to said station that were in the control and occupancy of said defendant, and was a passenger of said defendant and behaving all the while in an orderly and proper manner, then it is for the jury to decide from all the facts and circumstances in the case whether or not when the plaintiff was so arrested as testified to in this case, the said Baldwin in making said arrest was

acting as an officer, agent or employee of the defendant, and if they shall find that said Baldwin in making said arrest of the plaintiff was acting as an officer, agent or employee of said defendant within the scope of his employment then the verdict of the jury shall be for the plaintiff.

4th. "If the jury shall find for the plaintiff, then in assessing the damages they are to take into consideration the nature of the force applied to the plaintiff, Crawford, his sense of indignity and humiliation, and award him such sum as under all the circumstances of the case they may deem a fair and reasonable compensation therefor."

We find no error in the granting of those prayers. Most of the propositions which they embody were considered at length and passed upon by us in the case of the present *appellant* v. *Green,* 110 Md. 32. That suit was instituted by Henry M. Green a member of the same dramatic association for his arrest and imprisonment already referred to in the station, on the same night, while the party were waiting for the arrival of the train to Elkton, by the same officer of the railroad company assisted by the same special officer of the town. The legal principles involved in the two cases, so far as they relate to the arrest and imprisonment, are the same although their facts differ in that Green was confessedly in the station building when arrested while in the present case there is a conflict of evidence as to whether Crawford was upon the station property or the public street when taken into custody.

In Green's case we held it to be well settled that a person who enters upon the depot grounds of a railroad company for the purpose of taking passage on one of its trains is regarded in law as a passenger. It was conceded in the argument of the present case that if Crawford was arrested on the depot grounds after having entered them for the purpose of taking the train he must be regarded for the purposes of the case as having been a passenger, and as such entitled to protection at the hands of the appellant from the violence of its employees.

We have held in a number of cases that to entitle a plaintiff to recover for injuries suffered under such circumstances it must appear from the evidence that the wrongs sued for were done by an agent or employee of the defendant company while he was acting within the scope of his employment. We therefore deem it unnecessary to again review the law upon the subject. *Green's Case, supra; Central Railway Co.* v. *Peacock,* 69 Md. 263; *Deck* v. *B. & O. R. R. Co.,* 100 Md. 168; *B. C. & A. R. R. Co.* v. *Twilley,* 106 Md. 445; *Tolchester Co.* v. *Scharnagl,* 105 Md. 199; *B. C. & A. R. R. Co.* v. *Ennalls,* 108 Md. 199.

The first three of the plaintiff's prayers deal with the legal principles affecting the equitable plaintiff's relation of passenger to the defendant if they found the facts to be as therein stated, as well as the nature and extent of its liability for the acts of Baldwin as its employee, in accordance with the views expressed by us in the cases to which we have referred. The plaintiff's fourth prayer deals with the measure of damages. It asks only for compensatory damages and correctly states the law upon that subject.

The defendant's first prayer asks to have the case taken from the jury for want of any evidence legally sufficient to entitle the plaintiff to recover. Its second prayer asks for the same ruling because of want of legally sufficient evidence to show that Baldwin in making the arrest of the equitable plaintiff was acting as an agent or employee of the defendant. Both of those prayers were in our opinion properly rejected. The fact of the arrest is clearly shown by the proof and there is evidence in the record tending to show that Baldwin was acting within the scope of his employment when he made it.

The defendant's fifth prayer instructed the jury that if they found "that, at the time that Baldwin and Bauer came up to where Kelley was engaged in an altercation with the plaintiff and Jones, the said Kelley, Jones and Crawford, the plaintiff, were on Adams street in the City of Havre de Grace and that the said Jones was taken in custody while on said street, and that the plaintiff undertook to escape arrest or to

go for assistance *or for any other purpose* and was apprehended or taken into custody by Baldwin at the request of the said Kelley, after the plaintiff had gotten upon the grounds controlled and managed by the defendant, still the defendant cannot be held responsible for the act of the said Baldwin in making said apprehension and arrest even though they may believe that the said Baldwin was an employee of the defendant."

In lieu of that prayer, which it rejected, the Court granted the following instruction: "The Court instructs the jury that if they find from the evidence that at the time the witness Baldwin first undertook to arrest the plaintiff he was in the public highway and that the actual arrest was made by said Baldwin on the grounds in the use and occupancy of the defendant in the course of the pursuit of the plaintiff by said Baldwin begun on said public highway not in the course of the performance of his duties as an employee of the defendant (if the jury so find) then their verdict should be for the defendant."

There was no error on the part of the learned judges below in substituting their own instruction for the rejected fourth prayer. The direction to the jury to find for the defendant contained in the prayer was apparently intended to be predicated first upon the fact that the plaintiff had been arrested in a pursuit begun outside of the defendant's property for offense committed beyond its limits, and secondly upon the further fact that the arrest had been made at the direction or request of Kelley who as a public peace officer had the right to summon assistance for that purpose.

The prayer was defective, in reference to its first ground, in not requiring the jury to find that the plaintiff had entered the defendant's property for the purpose of escaping arrest or that he had been arrested in a pursuit begun outside of the property. Under the terms of the prayer he might have gone on the property for the purpose of taking the train, not being at the time threatened with either arrest or pursuit. It was also defective, in reference to its second ground, in not re-

quiring the jury to find that Kelley was a public officer. The instruction given by the Court was free from objection.

There is but one exception relating to rulings on the admissibility of evidence.   Mr. Morrison the assistant agent and ticket seller of the defendant at its Havre de Grace station was asked, when on the stand as a witness for the plaintiff: "Do you know or can you state from your own knowledge whether or not Milton M. Baldwin ever made an arrest or arrests of any person or persons, prior to March the 5th, 1907, acting as an officer of the Phila. Balto. & Washington R. R. Co. within the scope of his employment there as such officer ?"

The defendant objected to the question but the Court admitted it over the objection saying: "The testimony isn't admitted with reference to the merits of the case but only to show the company had knowledge of the fact that such an act was within the scope of his duty."

The defendant took an exception to the Court's ruling.

The witness answered, "Yes, sir; I have known him to make arrests before."   The admission generally over the defendant's objection of the same evidence in response to a similar question put to the same witness in *Green's Case* was held by us to constitute reversible error, even though it was subsequently proven in that case that Baldwin had arrested other people and placed them in the lockup.   It was contended on behalf of the plaintiff in that case that the fact that Baldwin had made previous arrests tended to show that he was acting within the scope of his duty at the time he arrested the plaintiff.   We held however that it had no such tendency and that its admission was calculated to injure the defendant.

We do not think the qualified admission of the evidence made in the present case removes the grounds of objection on which our former decision rested.   It was admitted in this case "to show that the company had knowledge of the fact" that such an act as the plaintiff's arrest was within the scope of his duty.   The company is presumed to know the terms

and scope of the employment by it of its own agents and officers. It cannot be heard to say that it did not have that knowledge. The question to be determined on that branch of the case is whether the arrest of the plaintiff by Baldwin was in fact within the scope of his employment, not whether the defendant knew that such was or was not the case. If there had been an offer to show that Baldwin had made previous arrests under similar circumstances and that the company had ratified or approved of his conduct, those facts, in the absence of direct evidence of the terms of his employment, might have been admissible as tending to show that arrests of that character were within its scope. 31 *Cyc.* 1663. But no such offer was made in connection with the question to which the exception was taken. In no event however would the witness' opinion as to whether other arrests had been made within the scope of Baldwin's employment have been proper evidence to go to the jury in this case.

In *Deck's Case,* as well as in *Green's Case, supra,* we held that whether a servant in committing an assault was then acting within the scope of his employment is generally a question of fact for the jury, but the opinions of non-expert witnesses upon the subject is not admissible to aid the jury in arriving their decision.

The question put to the witness Morrison in *Green's Case* differed from the one put to him in the present case in that he was there asked whether to his knowledge Baldwin had made other arrests during the time of his employment by the defendant as its officer and prior to March 5th, 1907, without being asked, as he was in the present case, whether such arrests were made by Baldwin within the scope of his employment as such officer. The form of the question put to the witness in the present case is, if there be any real difference, more objectionable than that employed in *Green's Case* because it seeks to put directly in evidence the opinion of the witness as to whether Baldwin was acting within the scope of his employment when he arrested the plaintiff.

For the error in admitting that evidence of the witness Morrison the judgment appealed from must, in conformity to the views expressed by us in *Green's Case,* be reversed and the case remanded for a new trial.

> *Judgment reversed, with costs and case remanded for a new trial.*