ZEIGLER, EXECUTRIX AND INDIVIDUALLY *v.*
THE F STREET CORPORATION, ᴇᴛ ᴀʟ.

[No. 688, September Term, 1966.]

*Decided December 7, 1967.*

224

The cause was argued before HAMMOND, C. J., and MAR-BURY, McWILLIAMS, FINAN and SINGLEY, JJ.

*Steny H. Hoyer,* with whom was *Thomas B. Yewell* on the brief, for appellants.

*James F. Couch, Jr.,* with whom were *Couch, Blackwell & Miller, David A. McNamee* and *Beatty & McNamee* on the brief, for the F Street Corporation, part of appellees. Submitted on the brief by *Marion E. West* and *West & Venables,* for P. M. & T., Inc., other appellee.

MARBURY, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court for Prince George's County, where Judge Bowie sustained the defendants-appellees' demurrers to counts one and three of the plaintiff-appellant's amended declaration. As observed by the trial court, the issue was "whether or not damages are recoverable for death resulting from mental distress over negligent damage to one's real property under the circumstances set forth in the Amended Declaration." We agree with the lower court that the demurrers should have been sustained and that counts one and three of the plaintiff's amended declaration did not state a cause of action.

The property of the plaintiff, Virginia Ruth Zeigler, and of her deceased husband, Ernest T. Zeigler, at 3315 Naylor Road, Silver Hill, Maryland, is located at the bottom of a slope, the upper portion of which was owned in 1963 by P. M. & T., Incorporated. In the summer of that year P. M. & T., Incorporated cleared the slope behind the plaintiff's house, which resulted in an increased flow of water onto the plaintiff's property, necessitating the installation of a sump pump in their

home, which had not been necessary during the twenty-six years they had resided there. On July 3, 1965, appellee P. M. & T., Incorporated, conveyed its property to the F Street Corporation but continued to work on the project in the capacity of general contractor. The project involved cutting and filling the slope behind the plaintiff's home which resulted in considerable amounts of dirt and debris being deposited on the plaintiff's property. Mr. and Mrs. Zeigler notified appellees of this condition and they in turn subsequently removed the dirt and debris and began the construction of a cinder block retaining wall which proved to be inadequate and was not completed. Throughout the period from the summer of 1965 until the filing of this suit, the appellees continued their cutting and filling operations. The appellant alleges that due to the damage done their property that her husband became increasingly concerned and upset until February 20, 1966, when his nervous condition led to his untimely death.

Although originally the amended declaration alleged wantonness, wilfull trespass, and gross negligence, it was further amended during the course of the hearing on the demurrers so as to specify that the wrongful death action was based on negligence and not on an intentional tort.

In sustaining the defendants' demurrers the trial court relied on *State, Use of Aronoff et al. v. Baltimore Transit Co.,* 197 Md. 528, 80 A. 2d 13, 28 A.L.R.2d 1062. There, the plaintiff's decedent saw a street car negligently collide with his truck which was loaded with glass and in the confusion and excitement following the collision the decedent suffered a heart attack from which he died within the hour. No damages were recoverable for the decedent's death since this was not such a result that "in the ordinary and natural course of events ought in the light of all the circumstances to have been contemplated as a natural and probable consequence thereof." *Owens v. Simons,* 245 Md. 404, 226 A. 2d 548. *Cf. Resavage v. Davies,* 199 Md. 479, 86 A. 2d 879; *accord, United States v. Hatahley,* 257 F. 2d 920 (10th Cir. 1958). The present case is analogous to *Aronoff.*

Under Maryland law it is not necessary that there be physical impact for a plaintiff to recover for mental suffering and emotional distress. *Industrial Service Co. v. State,* 176 Md.

625, 6 A. 2d 372; *Geipe, Inc. v. Collett*, 172 Md. 165, 190 Atl. 836, 109 A.L.R. 887; *Tea Co. v. Roch*, 160 Md. 189, 153 Atl. 22; *Patapsco Loan Co. v. Hobbs*, 129 Md. 9, 98 Atl. 239; *Balto. & Ohio R. R. Co. v. Harris*, 121 Md. 254, 88 Atl. 282. However, ordinarily there can be no recovery for mental suffering, resulting from damage done to property. *State, Use of Aronoff et al. v. Baltimore Transit Co., supra.* As was stated in 25 C.J.S., *Damages* 68, page 826, "* * * it is generally held that under ordinary circumstances there can be no recovery for mental anguish suffered by plaintiff in connection with an injury to his property. Where, however, the act occasioning the injury to the property is inspired by fraud, malice, or like motives, mental suffering is a proper element of damage. It has been held that an injury to property alone will not support a recovery for fright occasioned by such injury." The appellant cites a number of cases which she claims support her contentions but upon examination of these cases we find that in addition to mere property damage there were other elements present such as intentional conduct on the part of the defendant that could foreseeably result in injury to the plaintiff, or conduct by the defendant that endangered human safety. Neither of these factors is present in the instant case.

Nowhere does the plaintiff allege that the defendants had been warned that their acts were causing the decedent mental distress. Nor does she allege that the defendants' acts were calculated to cause such mental distress or that the personal safety of the decedent was in jeopardy. These allegations were necessary as a matter of law for there to be recovery for the death of the decedent.

As the appellees had no notice that their acts were causing the decedent emotional distress we hold that the trial judge was correct in deciding that the decedent's death was not a foreseeable consequence of the negligent acts of the defendants causing damage to the plaintiff's property and that the defendants' demurrers were correctly sustained.

*Order affirmed, costs to be paid by appellant.*