483 A.2d 387

**Thomas J. ABBOTT, et ux.**

v.

**FOREST HILL STATE BANK.**

No. 101, Sept. Term, 1984.

Court of Special Appeals of Maryland.

Nov. 13, 1984.

Mercedes C. Samborsky, Joppatowne, for appellants.
Jack F. McGarvey, Towson, for appellee.

Argued before WEANT, ALPERT, and KARWACKI, JJ.

ALPERT, Judge.

On this appeal we are called upon to decide whether the trial court erred in sustaining, without leave to amend, a demurrer to appellants' Third Amended Declaration. Although parts of that Declaration are clearly defective (in that appellants sought compensatory damages for emotional distress allegedly arising out of the repossession of their automobile), we shall reverse because enough remains to present sufficient grounds for relief against an alleged unlawful conversion.

Appellants claimed, *inter alia,* that "the Bank" converted to its own use and wrongfully deprived them of the use and possession of their automobile. A total of four Declarations have been filed in this action.

The first Declaration contained four counts entitled: "Class Action," "Intentional Infliction of Emotional Distress," "Compensatory Damages for Conversion," and "Punitive Damages for Conversion." Appellee Bank filed a

demurrer, which the Circuit Court for Harford County sustained without leave to amend as to the class action; sustained with leave to amend as to intentional infliction and punitive damages for the conversion; and overruled as to compensatory damages for the conversion.

Thereafter, appellants filed an Amended Declaration in two counts for wrongful conversion.[1] Appellee demurred to the Amended Declaration and the opposing positions of the parties were addressed by Judge Albert P. Close in a letter. Judge Close stated that there were sufficient facts to support the cause of action in conversion; however, the demurrer was sustained because the Declaration appeared to incorporate an action for intentional infliction of emotional distress. Judge Close made the following recommendation:

> Since the Plaintiffs are not requesting damages for intentional infliction of emotional distress, the Court feels that it, in order to enable Defendant to properly plead to the Amended Declaration, would be advisable for Plaintiffs to delete the language in both counts dealing with intentional conduct by the Defendant causing emotional distress to Plaintiffs, particularly paragraph 17 of count one and paragraph 15 of count two.

In response to Judge Close's recommendation, appellants filed a Second Amended Declaration in two counts. Count One was filed on behalf of appellants for wrongful conversion. Paragraph 15 alleged damages for loss of use, including "embarrassment, inconvenience and upset." Appellee filed a general issue plea in response and discovery commenced. A trial date was set for October 24, 1983.

### The Partially Defective Declaration

On September 15, 1983, appellants filed a Third Amended Declaration, improperly titled "Second" Amended Declara-

---

1. The second count was filed on behalf of Timothy and Flora Teague. The Teagues are not involved in this appeal.

tion. Although the pleading is referenced as an action for wrongful conversion, it makes reference to damages which could be construed to relate to intentional infliction of emotional distress. For example, paragraph 12 of the Declaration reads as follows:

> Because the Abbotts were both unemployed at the time of the repossession, a fact known to the Bank, *as a natural consequence of the Bank's wrongful repossession they suffered severe fright and emotional distress* from the loss of their car, because at the time of the repossession they could not afford another vehicle.

(emphasis added). Moreover, in the ad damnum clause, appellants requested "Special damages, (compensatory) for *emotional distress....*" (emphasis added).

Appellee demurred to the Third Amended Declaration and a hearing was held before Judge Cypert O. Whitfill. Judge Whitfill sustained the demurrer, delineating his reasons in a thoughtfully written Memorandum Opinion and Order. During oral argument, appellants informed Judge Whitfill of their intent to claim damages for emotional distress suffered as an element of damages in the conversion action. Appellants claimed they were not asserting a separate cause of action for "intentional infliction of emotional distress." Judge Whitfill in his opinion responded:

> Since a properly pleaded cause of action for conversion was before the court, to which the Defendant had filed a general issue plea, *all damages that are appropriate to that tort may be proven under the second amended declaration.* There is no need for an amended declaration in order to produce evidence relevant to the tort of conversion or evidence of damages that are properly allowable under that cause of action. To the extent Plaintiffs intended to enlarge upon the scope of facts which they could prove surrounding the tort of conversion or to expand upon the allowable damages, the filing of the Third Amended Declaration was clearly improper. (emphasis added.)

Judge Whitfill further ruled that it was technically deficient to combine claims for conversion and intentional infliction of emotional distress in a single count. Furthermore, the apparent claim for intentional infliction was barred by the statute of limitations. Judge Whitfill opined:

> The Third Amended Declaration now attempts to interject the issue of intentional infliction of emotional distress into the case. This amended declaration was filed on September 15, 1983, some seven weeks in excess of a period of three years after the repossession of the Plaintiff's automobile. Clearly, under all of the circumstances, it is too late for the Plaintiff to file suit for intentional infliction of emotional distress. Even if the claim were timely, the demurrer would have to be sustained since the single count of declaration combines elements of two causes of action in a single count and is demurrable for that reason alone.

At the time the demurrer in this action was filed, former Maryland Rule of Procedure 340(c)[2] was applicable. It stated: "Separate causes of action shall be contained in separately numbered counts." If we were reasonably certain that the appellants were making yet another attempt to allege intentional infliction of emotional distress as an independent tort, we would totally agree with Judge Whitfill. Given the tortured pleading posture of this case, we can well understand how the trial judge concluded that appellants were attempting to make an "end run" around Judge Close's recommendation. The Third Amended Declaration is structured as a conversion action; however, the allegations therein refer to intentional conduct by appellee resulting in emotional distress. Indeed, the primary change between the Second and Third Amended Declarations relate to the claims for psychological damages. As previously set out, Paragraph 15 of the Second Amended Declaration listed embarrassment and upset as elements of damage.

---

**2.** Today we are governed by Maryland Rule 2-303(a) which also requires that each cause of action be in a separately numbered count.

The Third Amended Declaration changed the description of such damages and alleged "severe fright and emotional distress."

Judge Whitfill viewed this as another attempt to collect damages for intentional infliction of emotional distress,[3] and felt compelled to sustain the demurrer without leave to amend. The Judge, however, believed that the appellants could proceed with the "properly pleaded cause of action for conversion ... under the second amended declaration."

■ To this end, we have "good news" and "bad news" for the appellants. The "bad news" is that the filing of the Third Amended Declaration had the effect of withdrawing the previous Declaration. 3 H. Sachs, Poe's *Pleading and Practice*, § 189 (6th ed. 1975). The "good news" is that the allegations relating to emotional distress do not constitute an independent cause of action pursuant to the elements delineated in *Harris v. Jones*, 281 Md. 560, 380 A.2d 611 (1977). Accordingly, if the critical language is interpreted as an attempt to allege the tort of intentional infliction of emotional distress, the Third Amended Declaration was in part legally defective. Disavowing any such notion, appellants contend that the damages requested merely constitute compensatory damages, stemming from the alleged conversion. This version of the "emotional distress" allegations is likewise legally defective.[4] We explain.

### Compensatory Damages for Intentional Torts

■ Appellants did not cite and we have not found any Maryland case law specifically recognizing emotional distress as an element of damages in a conversion action. Conversion damages generally are limited to the "fair mar-

---

3. For a discussion of this tort in Maryland, *see Harris v. Jones*, 281 Md. 560, 380 A.2d 611 (1977). Any claim for intentional infliction of emotional distress was also untimely. *See* Md.Cts. & Jud.Proc.Code Ann. § 5–101 (1984) (three year statute of limitations).

4. Ironically, as revealed later in this opinion, it is the presence of these very defects that saves the day for appellants.

ket value of the property at the time of the conversion, with legal interest running to the date of the verdict." *Checkpoint Foreign Car Service, Inc. v. Sweeney*, 250 Md. 251, 253, 242 A.2d 148 (1968). This formula was reiterated by this Court in *Staub v. Staub*, 37 Md.App. 141, 145, 376 A.2d 1129 (1977). Under some circumstances

> additional damages adequate to compensate an owner for other injurious consequences which result in a loss greater than the diminished or market value of the chattel at the time of the trespass or conversion may be allowed unless such claimed damages are so speculative as to create a danger of injustice to the opposite party.

*Id.* at 146, 376 A.2d 1129.

There is no indication in *Staub* that this Court intended to include emotional distress within the purview of "additional damages." The Court of Appeals has authorized emotional distress as an element of damages in some intentional torts. For example, such damages can be recovered in the context of intentional interference with contracts,[5] malicious prosecution,[6] and defamation.[7]

For the premise that mental anguish constitutes special damages in a conversion action, appellants rely upon a Missouri decision, *Young v. Mercantile Trust Co. National Association*, 552 S.W.2d 247 (Mo.Ct.App.1977), *aff'd*, 598 S.W.2d 482 (Mo.Ct.App.1980), which in turn (perhaps without thorough analysis) refers to a statement at 89 CJS, *Trover & Conversion* § 177. "If there has been no malicious intent to harm plaintiff the latter's mental anguish or

---

5. *Lake Shore Investors v. Rite Aid Corp.*, 55 Md.App. 171, 461 A.2d 725 (1983), *aff'd*, 298 Md. 611, 471 A.2d 735 (1984).

6. *Tully v. Dasher*, 250 Md. 424, 436–37, 244 A.2d 207 (1968).

7. *Jacron Sales Co. v. Sindorf*, 276 Md. 580, 587, 350 A.2d 688 (1976) (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350, 94 S.Ct. 2997, 3012, 41 L.Ed.2d 789 (1974)). *See also Philadelphia, Baltimore & Washington R.R. Co. v. Crawford*, 112 Md. 508, 513, 77 A. 278 (1910) (damages relating to indignity and humiliation properly before jury in an assault and false arrest case).

humiliation is not ordinarily a proper element of damage in actions for the conversion of personal property." We observe that this statement undermines rather than supports appellants' theory. Factually, this case involved the wrongful conversion of $10 in a bank account. There, damages for emotional distress were denied as being too speculative. 552 S.W.2d at 250.

Appellants cite additional Missouri and Louisiana cases permitting recovery for humiliation and embarrassment in a conversion action.

It must be noted that there is a line of Maryland cases allowing recovery for emotional distress in property damage cases, under certain limited conditions. A review of these cases is in order.

The first case we examine is *State, Use of Aronoff v. Baltimore Transit Co.*, 197 Md. 528, 80 A.2d 13 (1951). Plaintiff's decedent suffered a fatal heart attack after witnessing a vehicular collision which caused great damage to his stock of plate glass. His wrongful death action was disallowed as not arising from the ordinary course of events. 197 Md. at 539–40, 80 A.2d 13. Essentially, the Court applied a proximate cause analysis which is neither helpful nor applicable to the instant intentional tort case.

In *Zeigler v. F. Street Corp.*, 248 Md. 223, 235 A.2d 703 (1967), plaintiff's property was damaged by an increased flow of water and debris following work by the defendant on a sloped area. The defendant attempted to cure the problem with a retaining wall, but the wall was never completed. The plaintiffs ultimately installed a sump pump to correct the situation. Mr. Ziegler, one of the land owners, allegedly developed a nervous condition which led to his untimely death. The Court noted that ordinarily there is no recovery for mental suffering related to property damage. 248 Md. at 226, 235 A.2d 703. If the act, however, is inspired by fraud or malice, mental suffering is a proper element. To recover, the plaintiff must allege either notice of the mental distress on the part of the

defendant *or* that the act was calculated to cause mental distress.

The *Zeigler* rule was applied by the Court of Appeals in *Wolf v. Levitt & Sons, Inc.*, 267 Md. 623, 298 A.2d 374 (1973). In that case the parties were involved in litigation concerning the construction of the Wolfs' home. Representatives of Levitt came on to the Wolf property, without permission, to inspect the alleged problems. Mrs. Wolf spotted the men in her yard and was allegedly shocked and frightened, leading to great mental anguish. The trial court granted the defendant's directed verdict as to the mental anguish claim. The Court of Appeals upheld this action relying on *Zeigler*. This was a technical trespass and it did not fall within one of the two *Zeigler* exceptions to the general rule that mental anguish is not compensable in a property damage case. 267 Md. at 630–31, 298 A.2d 374.

■ We hold that the *Zeigler* rule applies with equal force to this case which involves nothing more or less than a simple conversion. There is no allegation of prior notice of any alleged mental distress or that the act was calculated by the appellee to cause mental distress. Instead, the appellants alleged that the fright was a "natural consequence" of the Bank's wrongful conversion, *i.e.*, more akin to the negligence principle of proximate cause.

The general rule limiting damages for emotional distress was reiterated in *H & R Block, Inc. v. Testerman*, 275 Md. 36, 48–49, 338 A.2d 48 (1975), a case which involved accountant malpractice. There, the Court examined the rule requiring the manifestation of some physical injury to collect damages for emotional distress. Although a physical impact is not required in Maryland, there must be a "clearly apparent and substantial physical injury, to guard against the possibility of feigned claims." 275 Md. at 48, 338 A.2d 48. The Court quoted *Zeigler*, but found there was no "fraud, malice, or like motives" in that case. Appellants in the case at bar failed to allege any type of physical conse-

quence and this constitutes yet another defect in the declaration's allegation of emotional distress.

 It should be noted that the appellants herein have alleged malice on the part of the Bank; however, this allegation is clearly attributable to their claim for punitive damages. The tort of conversion arises out of the contractual relationship between the two parties, thus actual malice must be shown to collect punitive damages. *Food Fair Stores, Inc. v. Hevey,* 275 Md. 50, 55, 338 A.2d 43 (1975).[8] To be labeled actual malice, the act must be performed with an "evil or rancorous" motive with deliberate intent to injure the plaintiff.

### Consequence of a Partially Defective Declaration

 Maryland courts have held that "[a] demurrer to an entire pleading must fail if, eliminating any part thereof that may be defective, enough remains to present a sufficient ground for relief." *Nistico v. The Mosler Safe Co.,* 43 Md.App. 361, 368–69, 405 A.2d 340 (1979) (citing *Smith v. Smith,* 216 Md. 141, 145, 140 A.2d 58 (1958)).[9] Thus, although the emotional distress allegations are defective, in whichever manner they may be viewed, there remain in the Declaration adequate allegations of conversion and compensable damages related thereto to afford sufficient grounds for relief. The demurrer should have been overruled. The trial judge anticipated proceeding on the issue of conversion only. Hence, by now reversing the trial judge, we shall effectively place the case in a posture similar to that anticipated in his opinion. Accordingly, the case shall be remand-

---

**8.** Factually, this case involved alleged wrongful conversion of money in a pension plan. Recovery of punitive damages was denied because no actual malice was shown. *See also Henderson v. Maryland National Bank,* 278 Md. 514, 520, 366 A.2d 1 (1976) (punitive damages recoverable in wrongful repossession of an automobile if actual malice is shown, *e.g.,* if there is a bad motive for the repossession).

**9.** *See also Causey v. Gray,* 250 Md. 380, 391, 243 A.2d 575 (1968); *Ruhl v. Wagner,* 146 Md. 595, 601, 127 A. 495 (1924).

ed for further proceedings consistent with this opinion relative to the appellants' claim of wrongful conversion.

ORDER SUSTAINING DEMURRER REVERSED. CASE REMANDED FOR FURTHER PROCEEDINGS. COSTS TO ABIDE FINAL RESULT.