*Catherine M. Pomroy, et al. v. Indian Acres Club of Chesapeake Bay, Inc.*, No. 386, Sept. Term 2021. Opinion by Arthur, J.

**CIVIL PROCEDURE – DEFAULT JUDGMENT**

Where the circuit court issues an order of default at the plaintiff's request and denies a defendant's motion to vacate the order of default, and the plaintiff subsequently files an amended complaint that asserts a new or additional claim for relief, the court may not enter a default judgment with respect to the amended complaint solely on account of the defendant's failure to file a timely response to the original complaint.

Under those circumstances, the court may enter a default judgment with respect to the amended complaint only after: the plaintiff has sought and obtained an order of default as to the amended complaint; the court has denied a motion to vacate the order of default as to the amended complaint, or the defendant has failed to file a timely motion to vacate that order of default; and the plaintiff has requested the entry of a default judgment as to the amended complaint.

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 386

September Term, 2021

_____

CATHERINE M. POMROY, ET AL.

v.

INDIAN ACRES CLUB OF CHESAPEAKE
BAY, INC.

_____

Fader, C.J.,
Arthur,
Battaglia, Lynne A.
    (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Arthur, J.

_____

Filed: February 23, 2022

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

Under Maryland law, a number of events must occur before a court may enter a default judgment. First, the plaintiff must serve the defendant with the complaint and a summons. If the defendant fails to file a timely response, the plaintiff must request an "order of default." Md. Rule 2-613(b). The clerk must send notice of the order of default to the defendant (Md. Rule 2-613(c)), who has 30 days from the entry of the order to move to vacate the order of default by explaining the reasons for the failure to plead and the legal and factual bases for any defenses. Md. Rule 2-613(d). The court must grant a motion to vacate an order of default if it "finds that there is a substantial and sufficient basis for an actual controversy as to the merits of the action and that it is equitable to excuse the failure to plead." Md. Rule 2-613(e). If, however, the court is unpersuaded that "there is a substantial and sufficient basis for an actual controversy as to the merits of the action and that it is equitable to excuse the failure to plead," it may deny the motion to vacate. If the court denies the motion to vacate, or if the defendant fails to move to vacate the order of default, the court may, upon request, enter a default judgment. Md. Rule 2-613(f).

This case presents a novel question concerning the procedure for obtaining default judgments. Here, a court denied the defendants' motion to vacate an order of default as to the original complaint, but the plaintiff had amended the complaint to add new substantive allegations while the motion to vacate was pending. In these circumstances, if the defendant fails to file a timely response to the amended complaint, may the court proceed to enter a default judgment on the amended complaint? Or may the court enter a default judgment on the amended complaint only after the defendants have failed to file a

timely response to the amended complaint, the plaintiff has obtained a second order of default, and the court has declined to vacate the second order of default?

For the reasons stated herein, we shall hold that, where the plaintiff files an amended complaint with new or additional substantive allegations, a court may not enter a default judgment on account of the defendants' failure to file a timely response to the original complaint. Instead, the court, in those circumstances, may enter a default judgment only after the plaintiff has sought and obtained an order of default as to the amended complaint; the court has denied a motion to vacate the order of default as to the amended complaint, or the defendant has failed to file a timely motion to vacate that order of default; and the plaintiff has requested the entry of a default judgment as to the amended complaint.

## BACKGROUND

Plaintiff Indian Acres Club of Chesapeake Bay, Inc. ("IAC"), operates a campground in Earleville, Maryland. Defendants Gerald and Catherine Pomroy allegedly own one or more lots within the campground. IAC is responsible for collecting certain dues and assessments associated with those lots.

On June 18, 2020, IAC filed a complaint against the Pomroys in the Circuit Court for Cecil County. IAC alleged that the Pomroys had failed to pay $15,285.21 in charges that had come due between September 30, 2017, and January 31, 2020.

On September 19, 2020, IAC served a writ of summons and copy of the complaint on Gerald Pomroy at the Pomroys' last-known address in Pennsylvania. IAC claims to have served Catherine Pomroy by delivering the writ and summons to her husband.

2

The Pomroys did not file a timely answer.

On November 17, 2020, IAC filed a request for an order of default in accordance with Maryland Rule 2-613(b).[1] On January 6, 2021, the circuit court granted IAC's request and issued an order of default. On that same day, the clerk sent a notice of default order to the Pomroys' last-known address in accordance with Maryland Rule 2-613(c). Under Maryland Rule 2-613(d), the Pomroys had 30 days to move to vacate the order of default by stating the reasons for their failure to plead and the legal and factual bases for their defense.

On February 2, 2021, before the expiration of the 30-day period in which the Pomroys could move to vacate the order of default, IAC filed an amended complaint. In the amended complaint, IAC claimed that, in addition to failing to pay the fees for the time period set forth in the original complaint, the Pomroys had also failed to pay additional fees that were assessed on October 1, 2020, after the filing of the original complaint. IAC amended the relief sought from $15,285.21 to $22,078.88 to reflect the additional fees that the Pomroys had allegedly failed to pay after the filing of the original complaint.

Under Rule 1-321(c)(1), "a pleading asserting a new or additional claim for relief against the party shall be served in accordance with the rules for service of original

---

[1] The motion for an order of default was technically premature. The Pomroys were served (or in Ms. Pomroy's case, allegedly served) in Pennsylvania on September 19, 2020. Consequently, they had 60 days from the date of service in which to respond to the complaint. Md. Rule 2-321(b)(1). Because IAC claims to have served the Pomroys on September 19, 2021, the 60 days did not run until November 18, 2021, the day after IAC requested the order of default.

process." In the certificate of service for the amended complaint, IAC represented that it had sent the pleading by first-class mail, postage prepaid, to the Pomroys at their residence in Pennsylvania, but that it would also serve the amended complaint "in accordance with the rules for service of original process."

On February 5, 2021, the Pomroys filed a timely motion to set aside the order of default. They argued, among other things, that the fees had been improperly assessed. Ms. Pomroy also argued that she had not been properly served because she had separated from her husband in December 2019 and had moved to New Jersey.

On March 1, 2021, the court denied the Pomroys' motion. At the time when the court denied the motion, IAC had not yet personally served the Pomroys with the amended complaint.

IAC personally served Mr. Pomroy with a copy of the amended complaint and the supporting documents on March 30, 2021. As before, IAC claims to have personally served the amended complaint on Ms. Pomroy by serving her husband.

Mr. Pomroy had 15 days from service in which to respond to the amended complaint. Md. Rule 2-341(a). If service on Mr. Pomroy was effective as service on his wife, she too had 15 days in which to respond. *Id.*

On April 16, 2021, two days after a response to the amended complaint was due, IAC filed a request for the entry of a default judgment. IAC claimed that the Pomroys had failed to file a responsive pleading to either the original complaint or the amended complaint. It asked the court to enter a judgment and to award damages in the amount set forth in the amended complaint ($22,078.88), plus reasonable attorneys' fees.

4

On May 2, 2021, the Pomroys filed an "Answer" to "Plaintiff's complaint." In that pleading, the Pomroys generally denied IAC's allegations and set forth various affirmative and negative defenses.

On that same day, the Pomroys filed a timely response to IAC's request for a default judgment. In the response, they argued, among other things, that IAC was not entitled to a default judgment because the circuit court had yet to issue an order of default on the amended complaint.

On May 18, 2021, the circuit court granted IAC's request for a default judgment. In so doing, the court entered a money judgment in favor of IAC and against the Pomroys in the amount of $22,078.88, the sum requested in the amended complaint. The court also awarded IAC attorneys' fees and costs totaling $1,453.00. This timely appeal followed.

### QUESTIONS PRESENTED

In this appeal, the Pomroys present two questions:

1. Did the circuit court err in granting IAC's request for a default judgment where there had been no preceding order of default on the amended complaint?

2. Did the circuit court err in refusing to set aside the default order as to Catherine Pomroy on the grounds that Ms. Pomroy was not properly served?

We shall hold that the circuit court erred in granting IAC's request for a default judgment without first issuing an order of default as to the amended complaint. For that

reason, we shall reverse the court's judgment and remand the case for further proceedings consistent with this opinion.

In light of our disposition of the first issue, we need not reach the second.

## DISCUSSION

### *Standard of Review*

This case presents a pure question of law: whether a trial court has the power to enter a default judgment on an amended complaint if the court has not issued an order of default as to the amended complaint. We are as capable as the trial court to determine the answer to that question. Consequently, we conduct a *de novo* review of the trial court's decision. *See*, *e.g.*, *Nesbit v. Gov't Emps. Ins. Co.*, 382 Md. 65, 72 (2004) (citing *Walter v. Gunter*, 367 Md. 386, 392 (2002)).[2]

---

[2] IAC cites *Scully v. Tauber*, 138 Md. App. 423 (2001), for the proposition that we should review the trial court's decision for abuse of discretion. *Scully* is inapposite, as it concerns a trial court's discretion to enter a default judgment as a sanction for a discovery violation, and not the entry of a default judgment under Rule 2-613. *Id.* at 430-31. Although some decisions under Rule 2-613 do require the exercise of discretion – most notably, the decision about whether to vacate an order of default in response to a defendant's explanation of the reasons for the failure to plead and the legal and factual basis for the defense to the claim (*see*, *e.g.*, *Holly Hall Publications, Inc. v. County Banking & Trust Co.*, 147 Md. App. 251, 263 (2002)) – this case does not involve any such decision; it involves whether the court had the power to enter a default judgment as to the amended complaint even though it had never issued an order of default as to that complaint. A court does not have the discretion to take an action that it is not empowered to take. *See*, *e.g.*, *Wilson-X v. Department of Human Resources*, 403 Md. 667, 675 (2008) ("trial judges do not have discretion to apply inappropriate legal standards, even when making decisions that are regarded as discretionary in nature").

*Analysis*

Maryland Rule 2-613(b) states that "[i]f the time for pleading has expired and a defendant has failed to plead as provided by these rules, the court, on written request of the plaintiff, shall enter an order of default." "Promptly upon entry of an order of default, the clerk shall issue a notice informing the defendant that the order of default has been entered and that the defendant may move to vacate the order within 30 days after its entry." Md. Rule 2-613(c). If the defendant moves to vacate the order, the motion "shall state the reasons for the failure to plead and the legal and factual basis for the defense to the claim." Md. Rule 2-613(d). If, upon the filing of such a motion, "the court finds that there is a substantial and sufficient basis for an actual controversy as to the merits of the action and that it is equitable to excuse the failure to plead, the court shall vacate the order." Md. Rule 2-613(e). If, on the other hand, the defendant filed no motion or the court denied the defendant's motion, "the court, upon request, may enter a judgment by default that includes a determination as to the liability and all relief sought, if it is satisfied (1) that it has jurisdiction to enter the judgment, and (2) that the notice required by section (c) of this Rule was mailed." Md. Rule 2-613(f).

Here, the Pomroys do not dispute that they failed to file a responsive pleading to the original complaint (though Ms. Pomroy disputes whether she was properly served and thus obligated to respond). Nor do the Pomroys dispute that the circuit court properly issued an order of default, at least as to Mr. Pomroy, based on the failure to plead. They claim, instead, that the filing of the amended complaint effectively nullified the order of

7

default and prevented the court from issuing a default judgment without issuing a second order of default on the amended complaint.

Rule 2-613 is silent as to the effect, if any, of an amended complaint on an order of default, when that order was issued before the filing of the amended complaint and was based on a party's failure to file a responsive pleading to the original complaint. Consequently, we must turn to other authority for guidance.

We begin with the principle that "[a]n amended complaint supersedes the initial complaint, rendering the amended complaint the operative pleading." *Asphalt & Concrete Services, Inc. v. Perry*, 221 Md. App. 235, 267 (2015) (citing *Gonzales v. Boas*, 162 Md. App. 344, 355 (2005)); *see also Mark Downs, Inc. v. McCormick Props., Inc.*, 51 Md. App. 171, 181 n.3 (1982). "The amended complaint replaces the initial complaint in its entirety, and the initial complaint is considered withdrawn." *Asphalt & Concrete Services, Inc. v. Perry*, 221 Md. App. at 267 (citing *Shapiro v. Sherwood*, 254 Md. 235, 238-39 (1969)); *see also Abbott v. Forest Hill State Bank*, 60 Md. App. 447, 453 (1984) (filing of amended declaration had the effect of withdrawing previous declaration); *Mark Downs, Inc. v. McCormick Props., Inc.*, 51 Md. App. at 181 n.3 ("an amended complaint replaces the earlier complaint in its entirety," and "[t]he earlier complaint is regarded as withdrawn or abandoned, and is no longer part of the complainant's averments against [the] adversary").

A party must answer the original complaint within a specified period of time, *see* Md. Rule 2-321, and the failure to do so is a "failure to plead" under Rule 2-613. *See Peay v. Barnett*, 236 Md. App. 306, 317-18 (2018). The rule pertaining to amended

8

complaints is, however, a bit different. If an amended complaint "introduces new facts or varies the case in a material respect," a defendant "who wishes to contest new facts or allegations" must file a timely answer. Md. Rule 2-341(a). "If no new or additional answer is filed within the time allowed, the answer," if any, "previously filed shall be treated as the answer to the amendment." *Id.*

Maryland Rule 1-321, which governs the service of pleadings other than an original pleading, echoes the distinction between an amendment that varies the case and one that does not. In general, under Rule 1-321, the plaintiff need not serve an amended complaint on a party who is in default for failure to appear. Md. Rule 1-321(c). If, however, the amended complaint asserts "a new or additional claim for relief against the party," then the complaint "shall be served in accordance with the rules for service of original process[.]" Md. Rule 1-321(c)(1).

The distinction between an amendment that asserts "a new or additional claim for relief" and one that does not undoubtedly has its roots in basic principles of due process. Due process dictates that a court cannot enter a judgment, by default or otherwise, unless the defendant has notice of the allegations and a meaningful opportunity to contest them. *See*, *e.g.*, *In re Easton*, 214 Md. 176, 188 (1957) (citing *Simon v. Craft*, 182 U.S. 427, 436 (1901)); *Superior Court v. Ricketts*, 153 Md. App. 281, 336-37 (2003). By requiring personal service of an amended complaint that asserts "a new or additional claim for relief against the party," even when the party is in default, Rule 1-321 ensures that the party has notice of the new or additional claim and an opportunity to contest it.

9

"'[A] default judgment is not meant to be a punitive measure that penalizes a party for breaching a procedural regulation.'" *Holly Hall Publications, Inc. v. County Banking and Trust Co.*, 147 Md. App. 251, 262 (2002) (quoting *Royal Ins. Co. of America v. Miles & Stockbridge, P.C.*, 133 F. Supp. 2d 747, 768 (D. Md. 2001)). Rather, "a default judgment is considered more akin to an admission of liability than to a punitive sanction." *Curry v. Hillcrest Clinic, Inc.*, 337 Md. 412, 434 (1995). A judgment of default is permitted only if a motion to vacate an order of default is not filed or, if filed, is denied. *Admiral Mortg., Inc. v. Cooper*, 357 Md. 533, 539 (2000); *see* Md. Rule 2-613(f). It is "clear error" to enter a judgment of default unless the court has denied a motion to vacate an order of default or the defendant has failed to move to vacate the order of default in the first place. *See Admiral Mortg., Inc. v. Cooper*, 357 Md. at 539.

From that summary, we infer the following principles. First, when a party files an amended complaint, the original complaint is considered withdrawn, and the amended complaint becomes the operative pleading. Second, when the amended complaint introduces new facts, asserts new or additional claims for relief, or materially varies the case, the amended complaint is treated like an original complaint, particularly when the adverse party is in default. Finally, a court cannot issue a default judgment pursuant to Rule 2-613(f) without first issuing an order of default and giving the defaulting party an opportunity to vacate that order. The failure to abide by the procedures set forth in Rule 2-613 is reversible error.

Applying these principles, we hold that the circuit court erred in granting IAC's request for a default judgment without issuing an order of default after the filing of IAC's

10

amended complaint. When IAC filed the amended complaint, it became the operative complaint, and the original complaint was withdrawn. Consequently, the existing order of default became a legal nullity, as the claims in the original complaint had been abandoned in favor of the amended complaint. An order of default loses its legal foundation when the plaintiff withdraws the complaint to which the defendant failed to file a timely answer.

Moreover, because the amended complaint asserted a new and additional claim for relief (namely, that the Pomroys had breached their obligation to pay an additional charge that came due only after the original complaint), IAC was required to serve the Pomroys in accordance with the rules for service of original process (Md. Rule 1-321(c)(1)), which it did (at least as to Mr. Pomroy) on March 30, 2021. Once they were served, the Pomroys were required to file a timely responsive pleading in the event that they contested the new allegations. They failed to do so, and that failure was (at least for Mr. Pomroy) a "failure to plead," which triggered the strictures of Rule 2-613. At that point, if IAC intended to pursue its remedies under Rule 2-613, it was required to request a new order of default and to allow the Pomroys an opportunity to move to vacate the new order of default. *See Armiger Volunteer Fire Co., Inc. v. Woomer*, 123 Md. App. 580, 590 (1998) (noting that one of the purposes of Rule 2-613 "is to afford a defendant in default a second opportunity to respond and, if armed with sufficient facts to excuse the initial failure to answer and to defend the merits of the claim against it, an opportunity to vacate the order of default"). Instead, however, IAC skipped several steps by asking the court to proceed directly to the entry of a default judgment on the amended complaint. The court

11

erred by absolving IAC of its obligation to request an order of default as to the amended complaint and by entering a default judgment on the claims in the amended complaint, including the claim that the Pomroys had breached an obligation to pay a charge that came due only after IAC filed the original complaint.

IAC argues that the circuit court properly entered the judgment of default based on the original order of default. IAC claims that the amended complaint had no effect on the order of default because, it says, the amended complaint "did not contain any new or additional claims for relief," but simply "updated [the] amount owed by [the Pomroys]." IAC also claims that, "while the verified amended complaint became the controlling pleading for purposes of money damages sought by [IAC] in this action, the mere filing of an amended pleading does not operate to undo or render meaningless the circuit court's prior orders." IAC asserts that the Pomroys "attempted to use [the] filing of a Verified Amended Complaint – which did not substantively alter a single allegation or claim, other than to update the amounts owed by [the Pomroys] – as an opportunity to 'resurrect' their ability to participate in this case[.]"

We are unpersuaded. To begin with, it is untrue that the amended complaint contains no new or additional claims for relief. Nor is it true that the amended complaint "did not substantively alter a single allegation or claim." In the original complaint, IAC alleged that the Pomroys had failed to pay $15,285.21 in charges that came due between September 30, 2017, and January 31, 2020. In the amended complaint, IAC claimed that the Pomroys had failed to pay an additional $6,793.67 in charges that came due on October 1, 2021, after the filing of the original complaint. Thus, in filing the amended

12

complaint, IAC was not simply "updat[ing]" the amount of relief in relation to the claims raised in the original complaint. Instead, IAC was alleging that, in addition to breaching their obligation to pay the fees and assessments that came due between September 30, 2017, and January 31, 2020 (as set forth in the original complaint), the Pomroys had committed a new and additional breach by failing to pay the charges that came due on October 1, 2020. The allegation of a new and additional breach was, without question, an additional claim for relief, which the Pomroys had a right to contest. IAC itself seems to have recognized as much when it undertook to personally serve the amended complaint on the Pomroys in accordance with Rule 1-321(c)(1), which requires personal service of an amended complaint that asserts "a new or additional claim for relief."

We likewise disagree with IAC's claim that the amended complaint had no effect on the existing order of default. As previously discussed, an original complaint is considered withdrawn when an amended complaint is filed. It follows that an order of default based on the original complaint would also be withdrawn, particularly where, as here, the amended complaint raises a new claim for relief.

IAC argues that because the Pomroys challenged the order of default as to the original complaint, they cannot take "the inconsistent position that the Order of Default was voided by the Verified Amended Complaint." That argument, too, has no merit. The Pomroys filed their timely motion to vacate the order of default on February 5, 2021, just three days after IAC had filed its amended complaint and mailed it to their last-known address. Thus, it is unclear whether either or both of the Pomroys even knew of the amended complaint when they moved to vacate the order of default as to the original

13

complaint. Moreover, IAC does not claim to have personally served the Pomroys with a copy of the amended complaint until March 30, 2001, almost a month *after* the circuit court denied their motion to vacate the order of default on March 1, 2001. The Pomroys cannot be expected to make an argument about the effect of the amended complaint long before they were served (or, in Ms. Pomroy's case, allegedly served) with it.

IAC cites *Gonzales v. Boas*, 162 Md. App. 344 (2005), and *Pharmaceia Eni Diagnostics, Inc. v. Washington Suburban Sanitary Comm'n*, 85 Md. App. 555 (1991), for the proposition that "in other contexts" an amended pleading "*should not* operate to resurrect a party's previously-extinguished rights." (Emphasis in original.) Those cases do not alter our analysis.

In *Pharmaceia Eni Diagnostics, Inc. v. Washington Suburban Sanitary Comm'n*, 85 Md. App. 555 (1991), this Court considered a plaintiff's right to voluntarily dismiss a defendant without leave of court before the defendant has filed an answer. *See* Md. Rule 2-506(a)(1). In *Pharmaceia* the plaintiff claimed that it could voluntarily dismiss a defendant without leave of court after it filed its *amended* complaint but before any parties had responded. *Id.* at 563. In other words, the plaintiff claimed that "an amended complaint can resurrect a plaintiff's right unilaterally to dismiss an action until the defendant responds to the amended complaint." *Id.* This Court disagreed on the ground that the plaintiff's position "would defeat the purpose of the limitation on unilateral dismissals in Rule 2-506(a) in that any time a plaintiff wanted to dismiss an action after the defendant had filed an answer, he could simply file an amended complaint and a Notice of Dismissal." *Id.*

14

In *Gonzales v. Boas*, 162 Md. App. 344 (2005), this Court considered the deadline for responding to requests for admissions under Rule 2-424(b), which states that "[e]ach matter of which an admission is requested shall be deemed admitted unless, within 30 days after service of the request or within 15 days after the date on which that party's initial pleading or motion is required, whichever is later, the party to whom the request is directed serves a response signed by the party or the party's attorney." In *Gonzales*, 162 Md. App. at 355, the trial court had dismissed the plaintiff's complaint, but had given her leave to amend. Thus, she argued that she was not obligated to respond to the defendant's requests for admissions until 15 days after she had filed her amended complaint. *Id.* This Court disagreed, reasoning that the filing of an amended complaint "does not start the running of time anew for purposes of a response to a request for admission." *Id.* In support of the decision, we cited *Pharmaceia* for the proposition that "allowing the filing of an amended complaint to resurrect certain rights which were already lost would defeat the purpose of the limitations established in the rules." *Id.*

Neither *Gonzales* nor *Pharmaceia* has any bearing on the analysis in this case. Here, we are not concerned with whether a plaintiff can use an amended complaint as a ploy to resurrect a right that has been extinguished. We are concerned with whether a plaintiff can obtain a default judgment on an amended complaint before it has moved for an order of default on the amended complaint and before the court has declined to vacate that order of default. In the circumstances of this case, where the amended complaint asserts a new or additional claim for relief, we hold that the court may not enter a default

15

judgment on the amended complaint before the plaintiff has moved for an order of default on the amended complaint and the court has declined to vacate that order of default.

In sum, the circuit court erred in entering the default judgment without first issuing an order of default on the amended complaint. We therefore reverse the court's judgment and remand for further proceedings. If, on remand, IAC wishes to pursue a default judgment on the amended complaint, it must request an order of default pursuant to Rule 2-613(b). Upon the filing of such a request, the court should move forward in accordance with the procedures set forth in Rule 2-613.

**JUDGMENT OF THE CIRCUIT COURT FOR CECIL COUNTY REVERSED; CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO BE PAID BY APPELLEE.**

16