558 A.2d 756

Florine HARVEY, et al.

v.

Clarice WILLIAMS.

No. 1362, Sept. Term, 1988.

Court of Special Appeals of Maryland.

June 8, 1989.

James D. McCarthy, Jr., Severna Park (Morton Edelstein of Baltimore, on the brief), for appellants.

Leonard A. Orman, Baltimore, for appellee.

Argued before MOYLAN, BISHOP and ROBERT M. BELL, JJ.

ROBERT M. BELL, Judge.

Florine Harvey, Elmer McDonald, and Martha McDonald Johnson, appellants, appeal from the judgment of the Circuit Court for Anne Arundel County determining that Clarice Williams, appellee, owned a one-third interest in certain real property and ordering that property sold in lieu of partition. They present the following issues:

1. Did the trial court err or abuse its discretion in refusing to permit the Defendants to withdraw an admission of fact which was deemed admitted only because the Defendants had failed to deny the requested admission in a timely manner?

2. Did the trial court err or abuse its discretion in refusing to permit the Defendants to introduce evidence concerning the ancestry and legitimacy of the Plaintiff?

3. Did the trial court err in holding or concluding that the Plaintiff's requested admissions of fact were sufficient to prove that she had an interest in the real property and in accepting as an admission of fact that which should be considered an issue of law?

Finding no error, we will affirm.

It is undisputed that the real property which is the subject of this appeal was acquired by the Thomas brothers, Josiah, Frank, and John Timothy, by fee simple deed, dated March 1, 1902, and held by them as tenants in common. It is also undisputed that the ownership interests of appellants derived from the interests of Josiah Thomas and Frank Thomas. The trial court, assisted by appellants' admission, determined that appellee derived her interest from John Timothy Thomas.

Appellee filed a suit to partition the subject property. In support of her ownership interest in the property, she alleged:

3. John Timothy Thomas died on or about January 20, 1916, intestate, leaving as his sole heirs at law, his widow, Edna Thomas, and a son, James Edward Thomas. The widow, Edna Thomas, intermarried with Mr. Melton, who died on or about July 17, 1962, in Philadelphia, Pennsylvania. The son, James Edward Thomas, died intestate, on or about May 14, 1935, leaving one child, Clarice Williams, Plaintiff, who is the great-granddaughter of John Timothy Thomas, granddaughter of Edna Thomas. Edna Thomas (Melton) died in [sic] intestate in Philadelphia, Pennsylvania, on January 17, 1983, leaving Clarice Williams as her only heir at law, who has now inherited ⅓ of the subject property previously owned by her great-grandfather, John Timothy Thomas.

When appellant Florine Harvey, in answering the complaint, stated "that she believes the averments of paragraph

3 to be correct however because of the length of time involved and the difficulty of tracing lineage, she denies the averments in said paragraph 3 of the Complaint", appellee filed a Request for Admission of Fact, paragraph 2 of which stated:

That John Timothy Thomas died on or about January 20, 1916, intestate, leaving as his sole heirs at law, his widow, Edna Thomas, and a son, James Edward Thomas. The widow, Edna Thomas, intermarried with Mr. Melton, who died on or about July 17, 1962, in Philadelphia, Pennsylvania. The son, James Edward Thomas died intestate, on or about May 14, 1935, leaving one child, Clarice Williams, Plaintiff, who is the great-granddaughter of John Timothy Thomas, granddaughter of Edna Thomas. Edna Thomas (Melton) died intestate in Philadelphia, Pennsylvania, on January 17, 1983, leaving Clarice Williams as her only heir at law who has now inherited ⅓ of the subject property previously owned by her great-grandfather, John Timothy Thomas.

The request was filed on February 14, 1985. Appellants made no response to it until shortly before June 10, 1985, the date set for trial. On June 7, 1985, appellant Florine Harvey's counsel hand delivered to appellees' counsel a pleading captioned "Answer to Request for Admission of Fact". Paragraph 2 of that pleading, addressing paragraph 2 of the Request for Admission of Fact, stated:

That she does not admit the allegations of fact in paragraph 2 of the Request because the Defendant is reasonably certain that John Timothy Thomas was never married to Edna Thomas. The Defendant knew the person referred to in the Pleadings as Edna Thomas and said person was always known to the Defendant as Edna Coates and later as Edna Coates Melton. In addition, James Edward Thomas was never married to the Plaintiff's mother. The last clause of this request contains a conclusion of law which Defendant will not admit.

On the date of trial, appellants formally moved to withdraw the admission of fact.[1]

Maryland Rule 2–424, Admission of Facts and Genuiness of Documents, permits a party to an action to "file at any time one or more written requests to any other party for the admission of ... the truth of any relevant matters of fact set forth in the request." Rule 2–424(a). The party to whom the request is directed has 30 days after service of the request or 15 days after the date on which the party's initial pleading or motion is required, whichever is later, to file a response, failure to do so being deemed an admission of the matters to which an admission was requested. Rule 2–424(b). The rule is also quite specific as to the effect of an admission and as to how an admission may be withdrawn. Rule 2–424(d). That section provides:

Any matter admitted under this Rule is conclusively established unless the court on motion permits withdrawal or amendment. The court may permit withdrawal or amendment if the court finds that it would assist the presentation of the merits of the action and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. Any admission made by a party under this Rule is for the purpose of the pending action only and it is not an admission for any other purpose, nor may it be used against that party in any other proceedings.

Relying on this subsection, appellants maintain that the court erred or, at least, abused its discretion when it refused to permit them to withdraw their admission. They assert that they met their burden of showing that withdrawal of the admission, *i.e.*, being allowed to contest "the true lineage and pedigree of [appellee]" would assist in the

---

1. Counsel specifically asked for an extention of time, *nunc pro tunc*, within which to file a response to the Request for Admission of Fact. The court, however, treated that request as a motion to withdraw pursuant to Maryland Rule 2–424 and denied it.

presentation of the merits of the action. On the other hand, they argue, appellee made no showing whatsoever, as required by the rule, that withdrawal of the admission would prejudice her in maintaining her action. Furthermore, appellants suggest that their position is strengthened by the fact that appellee's request for admissions contains two errors or misstatements, which ought to have placed the court on notice and caused it to be more cautious in accepting any of the facts admitted as dispositive of the substance of appellee's case.

Although not expressly stated, implicit in subsection (d) is the requirement that, to be entitled to withdraw an admission, there must exist a substantial dispute concerning the admitted fact. Only then are the requirements of the rule triggered; until then the burden cannot shift to appellee to demonstrate that withdrawal of the admission would prejudice her case.

We are satisfied that appellants' answer to the request for admissions of fact raises no substantial dispute concerning the facts admitted such as to require the court to permit withdrawal. On the contrary, we think appellants have simply assumed the existence of a dispute and concluded that "determining the true lineage and pedigree of the plaintiff would 'assist the presentation of the merits of the action' ". Reviewing the answer reveals that, far from contesting the appellee's parentage, appellants very carefully question only the marital status of John Timothy Thomas and Edna Thomas and of James Edward Thomas and appellee's mother. Those questions, because the answers to them are not necessarily inconsistent with their admission of appellee's parentage, do not require that they be allowed to withdraw their admission.

Appellants having placed in dispute only the collateral issue of the marital status of appellee's father and grandfather, rather than the extremely relevant issue of appellee's parentage, the trial court did not err when it refused to

permit appellants to withdraw their admission; neither did it abuse its discretion. In other words, by failing to refute the facts admitted, appellants could not satisfy the threshold requirement that they demonstrate to the satisfaction of the trial court that withdrawal of the admission would assist the presentation of the merits of the action. Their failure in that regard relieved appellee of the burden she may have had to demonstrate prejudice.[2]

Appellants make much of the fact that some of the facts in the request for admissions were later acknowledged by appellee to be incorrect. We are not impressed. The inaccuracies are no more than red herrings where, as here, the critical admission of fact has never been refuted. Ap-

---

**2.** We have no hesitancy in stating that we agree with appellants that prejudice requires more than a showing of inconvenience, but, rather, relates to the difficulty which the party will face in proving its case. *See Marshall v. District of Columbia*, 391 A.2d 1374, 1379 (D.C.Ct.App. 1978). Appellee's argument that appellants ought not be permitted to withdraw their admissions was:

Your Honor, this case has been scheduled for hearing today for some time. To permit the late filing and Request for Admissions on the day of or within a day or two or three prior to the trial, I think makes a mockery actually of the Rule. We have been waiting for this hearing. We finally obtained a hearing. The fact the Answers to Request for—are now filed puts—should not put us into a position where our case has to be turned around and changed. We are and have been ready to proceed based on the Request for Admissions. We have been and are of the opinion and the method of preparation for the case is that we did not have to go any further than what we actually did. There was no surprise that this case was in for a hearing. There was no surprise of what we had requested as far as the request for admissions are [sic] concerned, and we feel that we would be damaged by the late filing or the allowance of the late filing of the Answers. It isn't as if someone is coming up with information that they—they didn't know or didn't allege. This is a defense that is being put upon us too late. I don't think it would be fair to the Plaintiff to allow the late filing of these documents or these Answers especially since they were done on the eve of trial. . . . I just don't feel that my client would be properly served, and I don't think the Rules would be properly followed if the late filing of these Answers is allowed.

We tend to agree with appellants that the thrust of this argument is that allowance of the withdrawal would inconvenience appellee in the presentation of her case.

pellee sought to have appellants admit that appellee was an heir of one of the original owners of the subject real property. Having admitted that fact, appellants do not refute the admissions or become entitled to withdraw them by relying on non-essential mischaracterizations contained in the admission.[3]

Appellants maintain that, even if withdrawal of the admission was properly disallowed, they should have been permitted to introduce evidence concerning appellee's ancestry and legitimacy. Because, they assert, the request for admission did not state that appellee's mother was married to appellee's father, and, indeed, did not mention her mother, they neither admitted, nor were they requested to admit, that fact, the relevance of which is made manifest by reference to Maryland Estates & Trusts Code Ann. § 1–208(b), which provides:

(b) *Child of his father.*—A child born to parents who have not participated in a marriage ceremony with each other shall be considered to be the child of his father only if the father (1) Has been judicially determined to be the father in an action brought under the statutes relating to paternity proceedings; or (2) Has acknowledged himself, in writing, to be the father; or (3) Has openly and notoriously recognized the child to be his child; or (4) Has subsequently married the mother and has acknowledged himself, orally or in writing, to be the father.

Since the trial court refused to permit evidence concerning the marital status of appellant's father and mother, appel-

---

**3.** Appellants also urge that the misstatement concerning the relationship of appellee to John Timothy Thomas render the pleadings ambiguous requiring us to construe them strongly against appellee. It should be noted, however, that their proposed answer to the request for admission of fact never raised that issue at all, preferring to focus only upon the marital status of John Timothy Thomas and Edna Thomas and James Edward Thomas and appellee's mother. It therefore has not been presented to the Court and we will not further consider it. *See* Maryland Rule 8–131(c).

lants contend that it clearly erred and that that error relieved appellee of the burden of proving that she was her father's child.

■ We reject the argument. What is obvious from the admission is that appellee sought and, by virtue of appellants' silence, received an admission that she was her father's child. That being so, evidence as to her father's and mother's marital status was irrelevant and, in any event, was not inconsistent with the admission. The evidence offered by appellants would have been relevant and admissible only had it borne directly upon appellee's legitimacy, *i.e.*, tended to prove that appellee's purported father did not acknowledge appellee as his child. The evidence proffered by appellants fell far short of the mark. The trial court's exercise of discretion was proper.

■ The final challenge mounted by appellants concerns whether paragraph 2 of the request called for the admission of fact or a conclusion of law. We have no difficulty concluding that the trial court was not clearly erroneous when it determined that it was "a clear request for fact".

It is, of course, clear that the phrase, "has now inherited ⅓ of the subject property", is a conclusion. The remainder of the paragraph, however, states facts and invites admission of those facts. The ultimate fact sought to be admitted is that appellee was the daughter of James Edward Thomas, the son of John Timothy Thomas and his wife, Edna Thomas. Appellants, by their silence, admitted that fact. Having admitted it, it followed ineluctably that she inherited ⅓ of the property. There was no need for appellee to have sought additional admissions of fact to make out her case.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANTS.