572 A.2d 149

**Florine HARVEY et al.**

v.

**Clarice WILLIAMS.**

**No. 106, Sept. Term, 1989.**

Court of Appeals of Maryland.

April 12, 1990.

James D. McCarthy, Jr., Severna Park, Morton Edelstein, Baltimore, both on brief, for petitioners.

Leonard A. Orman, Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, ADKINS, CHASANOW and CHARLES E. ORTH, Jr. (retired), Specially Assigned, JJ.

CHARLES E. ORTH, Jr., Judge, Specially Assigned.

I

The battle which this case provoked was joined on 14 September 1984 when Clarice Williams filed a complaint in the Circuit Court for Anne Arundel County. She sought the sale of a certain piece of real property in lieu of partition and requested that the residue of the proceeds after the payment of expenses be divided among the owners

of the property according to their respective shares. The battle ended at the nisi prius level on 14 June 1988 when the court rendered a final judgment. The court ordered that the property be sold as one parcel. It decreed, "[t]he rights, shares and interests" in the property to be as follows:

(a) Clarice Williams owns one-third;

(b) Elmer McDonald owns one-twelfth;

(c) Florine Harvey owns seven-twenty-fourths;

(d) Martha McDonald Johnson owns seven-twenty-fourths.

The court further ordered that "[t]he proceeds of such sale shall be distributed unto the above-listed parties in accordance with this proportional interest as found herein less the cost of sale and court costs," but that "any parties who paid taxes [were] entitled to reimbursement from any proceeds."

■ Harvey and Johnson appealed from the judgment. McDonald was apparently content with his one-twelfth. He did not appeal, thereby withdrawing from the fray, and has not been heard from since. The Court of Special Appeals affirmed the judgment. *Harvey v. Williams*, 79 Md.App. 566, 558 A.2d 756 (1989). At that point, it seems that Johnson had enough. She left the field of battle, neither filing nor joining in a petition for a writ of certiorari. The only party who sought our review was Harvey. We granted her petition for the issuance of a writ of certiorari and ordered that the records and proceedings be certified to us. Thus, the only parties before us are Harvey and Williams. Williams, of course, had sought the judgment in the trial court, fought against its reversal in the Court of Special Appeals, and now beseeches us to sustain it. Johnson and McDonald have surrendered. What they admitted or denied and what they did or did not do, while they were still active in the fray, are of no moment in this final skirmish. It is true that Harvey will carry them with her in victory or defeat, but she alone shoulders the burden at this point. In

short, Johnson and McDonald have no voice, past or present, in the proceedings before us.[1]

## II

■ Harvey's petition presented only one question:

Did the Court of Special Appeals ignore the clear language of Section 1–201 of the Estates and Trusts article of the Annotated Code of Maryland and, therefore, err in holding that [Harvey's] admission that [Williams] was the child of [Williams'] Father thereby rendered the provisions of Section 1–208(b) of the Estates and Trusts article moot and of no legal effect?

We granted the petition as submitted. However, Harvey's brief ignores the question as presented in her petition, and, in lieu thereof, substitutes four questions:

1. Did the Circuit Court and the Court of Special Appeals err in giving de jure effect (conferring inheritance rights on the Appellee, Clarice Williams) to a de facto admission of the Appellee's paternity contrary to the provisions of Section 1–208 of the Estates and Trust Title of the Maryland Code?

2. Did the trial court err or abuse its discretion in refusing to permit the defendants to withdraw an admission of fact which was deemed admitted only because the defendants had failed to deny the requested admission in a timely manner?

3. Did the trial court err or abuse its discretion in refusing to permit the defendants to introduce evidence concerning the ancestry and legitimacy of the plaintiff?

4. Did the trial court err in holding or concluding that the plaintiff's requested admissions of fact were suffi-

---

**1.** The brief submitted to us, purporting to be that of "appellants," bears not only the name of Harvey's attorney but also the name of Johnson's attorney. As we have noted, Johnson was a party to the appeal before the Court of Special Appeals, but she did not petition us for the issuance of a writ of certiorari and is not a party to the proceedings before us.

cient to prove that she had an interest in the real property and in accepting as an admission of fact that which should be considered an issue of law?

These questions are not properly before us, and we decline to address them. Md.Rule 8–303(b)(6); *Huger v. State*, 285 Md. 347, 354, 402 A.2d 880 (1979).[2]

## III

## A

On 14 February 1985, in a pretrial foray, Williams filed a request for admission of facts pursuant to Md.Rule 2–424(a). Paragraph (2) of the request called for the defendants to admit:

That John Timothy Thomas died on or about January 20, 1916, intestate, leaving as his sole heirs at law, his widow, Edna Thomas and a son, James Edward Thomas. The widow, Edna Thomas, intermarried with Mr. Melton, who died on or about July 17, 1962, in Philadelphia, Pennsylvania. *The son James Edward Thomas died intestate, on or about May 14, 1935, leaving one child, Clarice Williams, Plaintiff,* who is the great-granddaughter of John Timothy Thomas, granddaughter of Edna Thomas. Edna Thomas (Melton) died intestate in Philadelphia, Pennsylvania, on January 17, 1983, leaving. Clarice Williams as her only heir at law who has now inherited ⅓

---

**2.** Once again we are constrained
to remind all hands that [our Rules] are not guides to the practice of law but precise rubrics "established to promote the orderly and efficient administration of justice and [that they] are to be read and followed."
*Isen v. Phoenix Assurance Co.,* 259 Md. 564, 570, 270 A.2d 476 (1970), quoting *Brown v. Fraley,* 222 Md. 480, 483, 161 A.2d 128 (1960). *See Robinson v. Bd. of County Comm'rs,* 262 Md. 342, 346, 278 A.2d 71 (1971). Attorneys practicing in the courts of this State flout the rules adopted by this Court at their peril. They must assure that they are cognizant of our rules. They may not ignore the rules and proceed according to their personal convenience and preference without suffering the consequences.

of the subject property previously owned by her great-grandfather, John Timothy Thomas (emphasis added).

Harvey did not answer the request until 7 June 1985. Rule 2–424(b) prescribes, in pertinent part:

> Each matter of which an admission is requested shall be deemed admitted unless, within 30 days after service of the request or within 15 days after the date on which that party's initial pleading or motion is required, whichever is later, the party to whom the request is directed files a response signed by the party or the party's attorney.

Harvey's untimely[3] answer to the second paragraph of the request for admission of facts read:

> That she does not admit the allegations of fact in paragraph 2 of the Request because the Defendant is reasonably certain that John Timothy Thomas was never married to Edna Thomas. The Defendant knew the person referred to in the Pleadings as Edna Thomas and said person was always known to the defendant as Edna Coates and later as Edna Coates Melton. In addition, James Edward Thomas was never married to the Plaintiff's mother. The last clause of this request contains a conclusion of law which the Defendant will not admit.

## B

On 10 June 1985 the court conducted a hearing. The court deemed that two matters were before it: (1) whether Williams had an interest in the property, and (2) whether the property was subject to partition. As we have seen, the request for admission of facts called for the admission that Williams was the only child of James Edward Thomas, and that as such, was entitled to a one-third interest in the subject property. Harvey's attorney, who had entered the case two weeks before the hearing, asked the court for "an extension of time to respond to the Request for Admission of Facts nunc pro tunc." The court treated this request as

---

**3.** *See* note 2, *supra.*

a motion to withdraw pursuant to Md.Rule 2–424(d), which declares:

> Any matter admitted under this Rule is conclusively established unless the court on motion permits withdrawal or amendment.

The judge denied the motion, citing *Murnan v. Joseph J. Hock, Inc.*, 274 Md. 528, 534, 335 A.2d 104 (1975), to the effect that "if there is no withdrawal permitted by the court, then the facts set forth therein are conclusive and should be accepted by the court." The judge explained:

> Now, of course, Rule 2–424 is put in for a very valid purpose. Sometimes it's not terribly easy to prove things and one of the methods of doing that is to request an admission because party on the other side has some burden of denying this and frequently doesn't deny things which are obvious but which require difficulty to prove. It also can be used as a discovery tool in the sense that if you don't answer it, then I don't have to worry about it. I can go ahead with my case and not worry about getting into any possible defenses that you may have with regard to all of that. It does require that the Answers be made within thirty days....
>
> [S]o the facts stand as admitted unless we permit withdrawal. The Rule is that "any matter admitted under this Rule is conclusively established unless the court on motion permits withdrawal or amendment. The court may permit withdrawal or amendment if the court finds it would assist the presentation of the merits of the action and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits....
>
> Now the two requests here that were made, one was the request that [Williams] was in fact I think the granddaughter of the original owners here as best I can read the Request for Admissions or get the facts out of them....

With regard to that request, there was no answer to it. I think that's a clear request for a fact and I think that that certainly could and should have been raised long before. Obviously [there was] nothing that [McDonald's present attorney] could do, he didn't get in the case until the 23rd of May, but the party was in the case, that could have been raised. There's nothing in here that even comes close to raising it. I think the Rule has validity, and I think we're going to have the Rules to have some validity, well, we have to admit exceptions to them at certain times, we at least ought to recognize the Rule and give effect to it, and I'm going to ... deny the request to ... object to that admission.

As we have seen, the propriety of this denial is not before us. So, by the failure to file a timely answer to the request, the fact that Williams was the child of James Edward Thomas and was, therefore, entitled to a one-third interest in the property stood admitted.[4] The matter of the interest of Williams was settled, at the trial level, once and for all. This was confirmed in an opinion of the judge issued 25 January 1988 in which he declared, "We have already determined that [Williams] is the owner of a one-third share [in the property]." And, as we have seen, the final order of 14 January 1988 was in accord. The adherence of the judge to our rule was not an abuse of discretion.

## IV

■ Harvey argues that, even though she is deemed to have admitted that Williams was the child of James Edward Thomas, this was not conclusive. Harvey urges that further proof was required as called for by Md.Code (1974), § 1–208(b) of the Estates and Trusts Article, in the light of § 1–201 of that Article. Section 1–208(b) prescribes the circumstances in which "[a] child born to parents who have not participated in a marriage ceremony with each other

---

**4.** The question of divisibility in kind was left open, to be the subject of another hearing.

shall be considered to be the child of the father...."
Section 1–201 declares:

> In the absence of express language to the contrary, the rules of construction contained in this subtitle [2, designated "Determining Relationship"] shall be applied in construing all provisions of the estates of decedents law and the terms of a will.

We agree that the language of these sections is clear, as asserted by Harvey, but it is equally clear that their provisions are inapplicable here. It is plainly and simply not necessary to resort to the circumstances set out in § 1–208(b) under which an illegitimate child shall be considered to be the child of a putative father when the party contesting the paternity admits that the alleged father is in fact the father. Whether Williams was born in or out of wedlock is of no matter. A man may beget a child outside the bonds of marriage. Paternity is not dependent upon a marriage ceremony. To say that a man is not the father of a child merely because he was not married to the mother is oxymoronic. By failing to comply with Rule 2–424(b), Harvey was conclusively deemed to have admitted that James Edward Thomas was the father of Williams. As the trial judge found, the failure took Harvey out of court on the issue, and, in the circumstances here, she carried Johnson, who did not seek review by way of certiorari, and McDonald, who did not appeal, with her.

The answer to the question presented in Harvey's petition for the issuance of a writ of certiorari is "no," the Court of Special Appeals did not err in holding that Harvey admitted the parentage of Williams. Sections 1–201 and 1–208(b) of the Estates and Trusts Article are not applicable.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED; COSTS TO BE PAID BY PETITIONER.