[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
In this case the plaintiff, Mill Wan Mechanical Contractors, Inc., filed a three count action on April 3, 1990 against the defendant, William Elliott, for payment for the provision of services and materials at the defendant's residence. The first count of the complaint alleges a breach of contract, the second count alleges a breach of implied contract and the third count alleges unjust enrichment.
On March 14, 1991, the defendant filed a motion to strike the complaint on the ground that it is legally insufficient because it does not allege the existence of a written contract which, the defendant argues, is required by the Home Improvement Act (Act), General Statutes 20-418 et seq. The defendant did not file a memorandum of law in support of his motion at this time. On May 17, 1991, the plaintiff filed a memorandum of law in opposition to the defendant's motion in which the plaintiff objected to the granting of the motion both on the procedural ground that the defendant had failed to file a memorandum of law as required by Practice Book 155, and the substantive grounds that first, reading the complaint in the light most favorable to the plaintiff, the complaint on its face does not contain any allegations establishing that the Act is applicable in this case, and second, that the complaint may be read in a way to bring the CT Page 71 work performed by the plaintiff within certain exceptions to the Act.
On May 22, 1991, the defendant filed a memorandum of law in support of his motion to strike. The plaintiff filed an amended memorandum in opposition dated July 1, 1991. The motion was argued before the court at short calendar on November 25, 1991.
I. Late Memorandum
A motion to strike "must be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies." Practice Book 155; see also Practice Book 204. Although the defendant in this case failed to file an accompanying memorandum of law at the same time as he filed the motion to strike, the defendant did file his memorandum long before the motion was argued at short calendar and the plaintiff filed an amended memorandum in opposition addressed solely to the merits of the motion in response to the defendant's memorandum. Therefore the court will address the merits of the motion to strike.
II. Merits of Motion to Strike
In deciding upon a motion to strike, a trial court must take the facts to be those alleged in the complaint, and cannot be aided by the assumption of any facts not therein contained. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 572 A.2d 149 (1990) (citations omitted). In addition, the court is bound to construe the facts in the light most favorable to the non-movant, Cavallo v. Derby Savings Bank,188 Conn. 281, 283, 449 A.2d 986 (1982), and is limited to the grounds specified in the motion as the basis of its decision. Blancato v. Feldspar, 203 Conn. 34, 43, 522 A.2d 1235 (1987). If a motion to strike is directed at an entire pleading, the motion must fail if any allegation in the pleading is legally sufficient. Doyle v. A P Realty Corp., 36 Conn. Sup. 126,127, 414 A.2d 204 (Super.Ct. 1980); see Alarm Applications v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822
(1980).
The only ground specified in the motion to strike itself is that the case is governed by the Home Improvement Act, that the Act requires that a home improvement contract be in writing, and that the plaintiff's "complaint" fails to allege the existence of such a written contract. However, the defendant's memorandum of law contains specific arguments addressing the legal sufficiency of each of the three counts of the complaint individually. Since the motion to strike itself CT Page 72 is addressed to the entire complaint and does not seek to strike each count individually, the defendant's motion to strike must fail if any count of the complaint is legally sufficient. See Doyle, supra.
Both the defendant's memorandum in support of his motion to strike and the plaintiff's memoranda in opposition impart facts which are not alleged in the complaint. To the extent that the memoranda are both "speaking," the court cannot consider those facts which are not alleged in the complaint in deciding this motion. See Liljedahl Bros., Inc., supra, 348-49. Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181,182-83, 415 A.2d 771 (Super Ct. 1979).
The Home Improvement Act states that "[n]o home improvement contract shall be valid or enforceable against the owner" unless, among other required particulars, it is in writing and signed by the owner. General Statutes 20-429(a). The challenged complaint states that the plaintiff "entered into a contract with the defendant's construction contractor" and that "the defendant informed the plaintiff that he had [sic] or was dismissing his construction contractor from the job and would personally assume obligation for payment on the contract." (Complaint, paras, 1, 2).
The complaint, construed in the light most favorable to the plaintiff, is silent on the issue of whether the contract is oral or in writing. The complaint is also inconclusive as to the additional requirements of the Home Improvement Act.
Although a motion to strike may be proper where the allegations of the complaint show dispositively that a case is governed by the Act and that the Act's provisions have not been met, see Liljedahl Bros., Inc. supra, (complaint alleged an "oral contract"); Skovron v. Belgrail Corp.,17 Conn. L. Rptr. 22, p. 533 (May 8, 1991), Ryan, J.) (oral contract alleged), where the application of the Act is not apparent on the face of a complaint, the Act would be more properly pled as a special defense, wherein sufficient facts to establish the Act's applicability and effect may be pled and proven. See Sidney v. DeVries, 18 Conn. App. 581, 586-87, 559 A.2d 1145 (1989), aff'd, 215 Conn. 350, 575 A.2d 228 (1990). "When the evidence needed to establish that no cause of action lies is consistent with the allegations necessary to establish a prima facie case, a special defense is required." Id., 586, citing Bernier v. National Fence Co., 176 Conn. 622, 629-30, 410 A.2d 1007
(1979).
Since the complaint is silent regarding the applicability of the Act, a motion to strike grounded upon CT Page 73 noncompliance with the Act is inappropriate. "The [A]ct should. . . [be] specially alleged as a defense" by the defendant. See Sydney, supra, 586. Accordingly, the motion to strike the entire complaint on the ground that the plaintiff failed to comply with the provisions of the Home Improvement Act is denied.
M. HENNESSEY, J.