874 A.2d 491

**Corinne GONZALES**

v.

**Lawrence BOAS.**

**No. 2014, Sept. Term, 2003.**

Court of Special Appeals of Maryland.

May 17, 2005.

346

348

Stephen L. Prevas, Baltimore, for appellant.

Jeffrey J. Utermohle (Thomas Minkin, Law Offices of Peter G. Angelos, PC, on brief), Baltimore, for appellee.

Panel EYLER, JAMES R., ADKINS, BARBERA, JJ.

## ON REMAND

EYLER, J.

This appeal arises out of a late response by Corinne[1] Gonzales, appellant, to a request for admission of facts filed by Lawrence Boas, M.D., appellee. *See* Maryland Rule 2–424. The Circuit Court for Baltimore County granted appellee's motion to strike appellant's response as untimely. After holding that appellant was deemed to have admitted the facts contained in the request for admissions, which eliminated any genuine dispute as to material facts, the court entered summary judgment in appellee's favor.

On appeal, appellant claims that the circuit court abused its discretion in granting appellee's motion to strike appellant's response to the request for admissions. Alternatively, appellant claims the court abused its discretion in denying appellant's request to withdraw its admissions. Finally, appellant contends that the circuit court erred, as a matter of law, in ruling that appellant's response to appellee's request for admissions was untimely.

In an opinion filed on December 29, 2004, we held that the circuit court properly found that appellant's responses were untimely. We also held that the circuit court abused its discretion in granting appellee's motion to strike appellant's responses or in not permitting appellant to withdraw her admissions. After granting a writ of certiorari, the Court of Appeals, by order dated April 7, 2005, vacated the judgment of this Court and remanded the case for reconsideration in light

---

1. Appellant's name is spelled Corrine in the briefs. We will follow the spelling in the record, Corinne.

of *Wilson v. John Crane, Inc.*, 385 Md. 185, 867 A.2d 1077 (2005). We have done so and we reaffirm our prior decision. Consequently, we reverse the judgment of the circuit court and remand for further proceedings.

Our holding in this case is very fact dependent and is based on the combination of the following: (1) the response to the request for admissions was filed 8 days late, (2) the late filing was as a result of oversight of appellant's counsel, who prepared the response but inadvertently did not file it, (3) at the time the response was filed, the case had been pending 3 months and was not near trial, (4) there was a substantial dispute as to the subject of the requests in that the requests were directed to the core facts underlying the claim and were denied in the late response, (5) there was no showing of prejudice to appellee in the presentation of his defense, only the time and expense of having to defend the claim, and (6) the sanction imposed by the circuit court for the late filing was, as a practical matter, summary disposition of the claim. Expenses may be sought as a sanction under Rule 2–424(e) or Rule 1–341 if the required showing is made.

## RELEVANT FACTS

On December 16, 2002, appellant filed a complaint in circuit court, alleging three counts of civil battery against appellee. On February 10, 2003, appellee responded by serving on appellant a motion to dismiss, a motion for a more definite statement, and discovery requests, including a first request for admission of facts.

Through an oversight of counsel,[2] appellant failed to respond to the request for admissions within the thirty-day time period designated by Maryland Rule 2–424.[3]

---

2. Appellant's counsel represented that a response was dictated and prepared, but was inadvertently placed in a file rather than mailed.

3. Maryland Rule 2–424(b) provides: "Each matter of which an admission is requested shall be deemed admitted unless, within 30 days after service of the request ... the party to whom the request is directed

Shortly after the expiration of the thirty-day time period, appellee moved for summary judgment, arguing that, as appellant failed to timely respond to his request for admissions, all such facts were deemed admitted, and thus, there were no material facts in dispute. Thereafter, appellant served a response to appellee's request for admissions, eight days late. Appellant also filed a response to appellee's motion for summary judgment, arguing that there were material facts in dispute because her response, although late, still constituted a denial of the requests that could only be stricken upon motion by appellee and in the exercise of the court's discretion. As there had been no motion to strike, appellant asked that her response be considered as a denial, or alternatively, that she be granted permission to withdraw any of the "deemed admissions," should the court find that her late response resulted in such.[4]

In response, appellee filed a motion to strike appellant's response to his request for admissions as being untimely. Appellant filed a response to the motion to strike.

On May 8, 2003, the circuit court granted appellee's motion to dismiss, without prejudice, allowing appellant twenty days leave to amend. The court denied appellee's motion for a more definite statement and his motion for summary judgment, finding them both moot. The court did not rule on appellee's motion to strike appellant's response to his request for admissions.

Thereafter, on May 28, 2003, appellant filed an amended complaint.[5] Appellee responded by filing a second motion for

---

serves a response signed by the party or the party's attorney." Thus, appellant's responses were due by March 17, 2003, thirty days, plus three for the mailbox rule, after the request was propounded on February 10, 2003.

4. In further support of her contention that there were material facts in dispute, appellant filed an affidavit with her response to the motion for summary judgment.

5. At this time, appellant also filed a response to appellee's motion to strike her late response to his request for admissions.

summary judgment and a second motion for a more definite statement. In his motion for summary judgment, appellee again asserted that, as a result of appellant's failure to timely respond to his request for admissions, appellant had admitted the facts contained in the requests; thus, there were no material facts in dispute.

On July 14, 2003, the court denied appellee's motion. Appellee filed a motion for reconsideration. On September 23, 2003, the court held a hearing, and on October 21, 2003, the court granted appellee's motion to strike appellant's response to appellee's request for admissions and entered summary judgment in appellee's favor based on matters deemed admitted.

Appellant filed a timely appeal to this Court on November 20, 2003.

## DISCUSSION

### *Appellee's Second Motion to Dismiss Appeal*

■ Before reaching the issues raised in appellant's brief, we address preliminarily appellee's Second Motion to Dismiss the Appeal. Appellee contends that appellant has committed seventeen violations of the Maryland Rules, eight during trial and nine during the appellate phase, which have caused appellee "considerable inconvenience, delay, and expense." Appellee argues that the alleged procedural violations justify dismissal of this appeal. We shall exercise our discretion and deny the motion.

■ Substantively, the allegations in the Second Motion to Dismiss Appeal have been previously considered by this Court.[6] In this motion, appellee lists nine violations of the

---

6. Thus far in the appeals process, appellee has filed an initial Motion to Dismiss, a Motion to Strike Appellant's Response to the Motion to Dismiss, and a Motion to Supplement Appellee's Brief, in addition to the Second Motion to Dismiss that we consider in this opinion. The Court has considered the arguments in those documents, as well as those in the corresponding responses from appellant. Much of the

rules that he alleges have occurred during the pendency of the appeal. The majority of the alleged rules violations are minor, clerical, and organizational errors.[7] Two of the alleged violations involve questions of rule interpretation.[8] Appellant disputes the facts recited by appellee in support of one of the alleged violations.[9] The final violation was a late response to the initial Motion to Dismiss Appeal filed by appellee, which was argued in appellee's Motion to Strike Appellant's Response, and earlier ruled on by this court. All of the alleged violations were contained in earlier motions filed by appellee. This Court has carefully considered the arguments of the opposing parties, both when they were initially made, and again in this motion, has exercised its discretion, and denies the motions.

This is not to say that we condone deficiencies in procedure. We urge all persons handling appeals to review

---

content of appellee's Second Motion to Dismiss was transcribed directly from previous motions that have been denied, as was much of appellant's Response to the Second Motion to Dismiss.

7. These violations include appellant's failure to include the content of the appendix in her brief's table of contents (appellant included a table of contents for the appendix separately as the first page of the appendix, instead), the failure to include the date of filing each paper in the appendix, the failure to correctly alphabetize the table of citations, and the failure to cite to the record for three clauses in the statement of facts section of the brief.

8. Appellee argues that in addition to the Judge's order which forms the basis of the appeal, a copy of the Notice of Recorded Judgment is required to satisfy the requirement of a "judgment" under the definition of Rule 8–501(c). As an attachment to his motion, the appellee included the notice he alleged was necessary. Thus, the document is now a part of the appellate record, and properly before the court; and the appellee's argument is moot. The appellee also argues that the appellant failed to include the verbatim text of a pertinent federal rule in their brief. The appellant disputes that the rule is "pertinent" since in fact it does not apply in this case and was included only for clarification of the argument.

9. Appellee claims that the appellant was late providing a statement of the content of the proposed record extract. Appellant, however, contends that the appellee is overlooking communications about the proposed content of the record extract that occurred in a timely manner.

the Rules regarding the preparation of the record extract and briefs, paying particular attention to Rules 8–411, 8–412, 8–413, 8–414, 8–501, 8–502, 8–503, and 8–504. Parties who fail to adhere to the prescribed procedures risk dismissal pursuant to 8–602, and also impair the effectiveness of their advocacy by demonstrating a disregard for the Rules. On balance, however, we decline to dismiss this appeal.

## Request for Admissions and Summary Judgment

Appellant contends that it was an abuse of discretion for the court to grant appellee's motion to strike her response to appellee's request for admissions and to grant summary judgment in appellee's favor. Alternatively, appellant contends that the court abused its discretion in failing to allow her to withdraw her "deemed admissions." Finally, appellant argues that the circuit court erred, as a matter of law, in finding that appellant's response was untimely.

We shall briefly address appellant's final argument first, which we dispose of quickly as having no merit. We do hold, however, that the court abused its discretion in granting appellee's motion to strike and/or alternatively, in failing to permit appellant to withdraw the deemed admissions.

## Timeliness of Appellant's Response

Appellant contends that the lower court erred, as a matter of law, in finding that her response to appellee's request for admissions was untimely. Rule 2–424(b) provides that a response to a request for admission must be served either within thirty days after service of the request or within fifteen days after the date on which the served party's initial pleading or motion is required, whichever is later. Appellant argues that the effect of the circuit court's dismissal of her initial complaint with leave to amend was to render her amended complaint the initial pleading in this case. Thus, as she had fifteen days from the date her amended complaint was filed to serve her response upon appellee, and as her response was served within that time, the court erred in finding that her response was untimely.

■ This argument is without merit. It is true that the filing of an amended complaint supercedes the initial complaint, rendering the amended complaint the operative complaint. *See Pharmaceia Eni Diagnostics, Inc. v. Washington Suburban Sanitary Com'n,* 85 Md.App. 555, 563, 584 A.2d 714 (1991)("once an amended complaint is accepted by the trial court it supersedes the original complaint and becomes the operative pleading in the case"). While the timing of the granting of the motion to dismiss and the filing of the amended complaint are all relevant to our consideration of whether the court abused its discretion, as set forth below, such a filing does not start the running of time anew for purposes of a response to a request for admission. *See id.* (explaining that allowing the filing of an amended complaint to resurrect certain rights which were already lost would defeat the purpose of the limitations established in the rules). The circuit court properly found that appellant's response was eight days late under the deadline established in Md. Rule 2–424(b).

### *Motion to Strike/Permission to Withdraw*

### Waiver

■ Prior to addressing the merits of appellant's argument that the circuit court abused its discretion, we shall discuss appellee's contention that appellant committed three specific instances of waiver. Appellee argues that: (1) by failing to properly object to the request for admissions; (2) by failing to timely respond to the motion to strike; and (3) by failing to file a motion to withdraw, appellant waived her right to challenge the deemed admissions.

■■ First, appellee claims that appellant failed to object to appellee's requests and to state her reasons for such an objection, and thus, even if her response was timely, she has waived her right to complain that the requests were improper in form or substance. This argument fails because appellant has not challenged the form of the requests, but rather has denied the requests. Rule 2–424(b) provides that "[a]s to each matter of which an admission is requested, the response shall

specify an objection, or shall admit or deny the matter, or shall set forth in detail the reason why the respondent cannot truthfully admit or deny it." In appellant's response, she simply denied all twelve of appellee's requests. It was a permissible response for appellant to deny each assertion, assuming good faith, and she was not required to state an objection or provide an explanation. Appellee's second and third contentions are equally unpersuasive. The circuit court specifically found that appellant's response to appellee's motion to strike was not barred as untimely. Moreover, in both her response to appellee's motion for summary judgment and in her response to appellee's motion to strike her response to the request for admissions, appellant argued that, if the court deemed that the requested facts were admitted, it should alternatively allow her to withdraw such deemed admissions.[10] Thus, appellant committed no waiver precluding her from now challenging the admission of the requested facts.

### The Merits

As set forth above, Maryland Rule 2–424(b) provides that a party has thirty days from the date of service to respond to an opposing party's request for admissions of fact. Failure to do

---

**10.** While it is true that the Maryland Rules of Procedure are to be "strictly followed[,]" *Williams v. State*, 364 Md. 160, 171, 771 A.2d 1082 (2001), the discovery rules in particular are to be "liberally construed" in order to effectuate their purpose. *Mullaney v. Aude*, 126 Md.App. 639, 649, 730 A.2d 759 (1999). Thus, although appellant did not file a separate motion to withdraw any facts deemed admitted, we find it sufficient that she included such a request in her response to appellee's motion for summary judgment and in her response to appellee's motion to strike her responses. *See also Wormwood v. Batching Systems, Inc.*, 124 Md.App. 695, 702–05, 723 A.2d 568 (1999)(noting that substantial compliance with the Maryland Rules will be sufficient, in certain instances, where the opposing party has suffered no prejudice). Appellant requested the court to permit withdrawal of the matters deemed admitted and presented argument in support of that request. In so doing, appellant certainly gave appellee notice of her intention, effectuating the purpose of the discovery rules. *See Laws v. Thompson*, 78 Md.App. 665, 689, 554 A.2d 1264 (1989)("The Maryland discovery rules were deliberately designed to be broad and comprehensive; their purpose is to assure that no party go to trial in a confused or muddled state of mind regarding the facts giving rise to the litigation.").

so will result in the requests being "deemed admitted." Maryland Rule 2–424(c) provides: "The party who has requested the admission *may* file a motion challenging the timeliness of the response.... If the court determines that the response was served late, it *may* order the response stricken." (emphasis added). With regard to withdrawal of deemed admissions, Rule 2–424(d) states:

> Any matter admitted under this Rule is conclusively established unless the court on motion permits withdrawal or amendment. The court *may* permit withdrawal or amendment if the court finds that it would assist the presentation of the merits of the action and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.

(emphasis added).

■ Thus, as established by the permissive language throughout Rule 2–424, the court has a great deal of discretion in deciding how to handle the situation when an untimely or insufficient response to a request for admission is filed. *See Baltimore Transit Co. v. Mezzanotti,* 227 Md. 8, 13–14, 174 A.2d 768 (1961) (noting that trial judges are primarily vested with the discretion to administer and apply the discovery rules). Under our standard of review, we shall not disturb such decisions, absent a showing of abuse of discretion. *Id.* at 14, 174 A.2d 768. "An abuse of discretion is present where no reasonable person would take the view adopted by the [trial] court. Thus, where a trial court's ruling is reasonable, even if we believe it might have gone the other way, we will not disturb it on appeal." *Doe v. Maryland Bd. of Social Workers,* 154 Md.App. 520, 528, n. 7, 840 A.2d 744 (2004) (internal citations and quotations omitted).

■ In the instant case, appellant filed her response to appellee's request for admissions eight days after the allotted deadline. The circuit court found that "there is no dispute that [appellant's] responses were late under Rule 2–424(b) and are thus deemed admitted." The court went on to note that the

circuit court's prior decision to grant appellee's motion to dismiss with leave to amend did not excuse appellant's late response. The court then found that appellee properly filed a motion to strike appellant's response and that appellant properly filed a response to this motion. The court concluded that appellant's response was served late and that appellee's motion to strike should be granted. Having so determined, the court granted summary judgment in appellee's favor.

It is true that appellant's response was untimely under Rule 2–424, and thus "deemed admitted." It is also true that Rule 2–424(c) provides that "[i]f the court determines that the response was served late, it *may* order the response stricken." (Emphasis added.) Moreover, it is true that facts deemed admitted under Rule 2–424 may properly support the entry of summary judgment. *Vanhook v. Merchants Mut. Ins. Co.*, 22 Md.App. 22, 27, 321 A.2d 540 (1974). Nevertheless, we find nothing in the record to indicate that the court exercised its discretion as to whether to permit "withdrawal or amendment" of the deemed admissions pursuant to Rule 2–424(d). For that reason and because, on the specific facts of this case, it would have been an abuse of discretion to fail to grant such relief, we conclude the court erred in failing to allow appellant to withdraw her deemed admissions and, thus, also conclude that the court erred in granting appellee's summary judgment motion.

The court provided no explanation for its decision to strike appellant's response except that it was untimely. As the text of the Rule makes plain, however, an untimely response does not automatically require that the response be stricken and does not, by itself, prevent a court from allowing withdrawal of any deemed admissions.

As explained in a comment to Federal Rule 36(b), which governs procedure regarding requests for admissions in Federal Court, "the admission that otherwise would result from a failure to make timely answers should be avoided when to do so will aid in the presentation of the merits of the action and will not prejudice the party who made the request." 8A

Wright, Miller & Marcus, *Federal Practice and Procedure: Civil,* § 2257, pg. 543 (2d ed.1994).[11] Similarly, Rule 2–424(d) outlines that withdrawal should be permitted where "it would assist the presentation of the merits of the action and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Thus, prior to striking appellant's response and determining that appellant's admissions could not be withdrawn, the court should have considered how permitting withdrawal would aid in the presentation of the merits of the case and whether appellee was prejudiced by appellant's late response.

It is clear that the deemed admissions prevented a trial on the merits. Specifically, appellee sought to have appellant admit, among other things, that she did not actually object to any of appellee's alleged conduct.[12] Such an admission certainly went to the core of appellant's civil battery claim. Moreover, the Court of Appeals has explained that, "[a]lthough not expressly stated, implicit in [Rule 2–424](d) is the requirement that, to be entitled to withdraw an admission, there must exist a substantial dispute concerning the admitted fact." *Harvey v. Williams,* 79 Md.App. 566, 571, 558 A.2d 756 (1989). In this situation, there remained a genuine and substantial dispute with regard to material facts alleged in the complaint.

■■■ Furthermore, we note that although deemed admissions may properly embrace material or "ultimate" issues of fact in a case, *Murnan v. Joseph J. Hock, Inc.,* 274 Md. 528, 529–31, 335 A.2d 104 (1975), the purpose of a request for

---

**11.** As the Maryland discovery rules are closely patterned after the Federal discovery rules, it is appropriate to look to those rules for guidance in interpreting the Maryland rules. *Bartell v. Bartell,* 278 Md. 12, 18, 357 A.2d 343 (1976)(explaining that the court "will look to federal decisions construing the corresponding federal rule for guidance in construing the similar Maryland rule.").

**12.** For example, appellee's requests asked: "Regarding the July 9, 2001 incident of battery referred to in Count II of the Plaintiff's Complaint, the Plaintiff had no objection to the alleged conduct of Dr. Boas."

admissions is to "eliminate from trial those matters over which the parties truly have no dispute. . . . The authenticity of documents, the corporate status of parties, and the undisputed foundation for evidence are but examples." *St. James Const. Co. v. Morlock,* 89 Md.App. 217, 230, 597 A.2d 1042 (1991) (quoting Neimeyer and Richards, Maryland Rules Commentary 234–35 (1984)).[13] In so doing, the rule allows parties to save time and expense on trying issues which are not genuinely disputed and to focus on those that are disputed. *See Mullan Contracting Co. v. IBM Corp.,* 220 Md. 248, 260, 151 A.2d 906 (1959) ("The primary function of a request for admissions is to avoid the necessity of preparation, and proof at the trial, of matters which either cannot be or are not disputed.").

As already indicated, the requested admissions in this case went to the core of appellant's case, and the facts were genuinely in dispute. The nature of the requests and the practical effect of not permitting withdrawal or amendment of deemed admissions are relevant factors to consider in determining whether the court abused its discretion in granting appellee's motion to strike and motion for summary judgment and in denying appellant's request to withdraw any deemed admissions.

Moreover, appellant's conduct must be considered in light of any prejudice to appellee. "[P]rejudice requires more than a showing of inconvenience, but, rather, relates to the difficulty which the party will face in proving its case." *Harvey v. Williams,* 79 Md.App. 566, 572 n. 2, 558 A.2d 756 (1989).

---

**13.** More specifically, because of the misuse of requests for admissions of fact,

> parties do not obtain a great deal of satisfaction from them as a discovery device. Regularly the propounding party seeks to obtain more of an admission than that to which he is entitled and consequently the answer given is all but useless. The purpose of the rule is not to press known discovery requests.

*St. James Const. Co.,* 89 Md.App. at 230, 597 A.2d 1042 (quoting Neimeyer and Richards, Maryland Rules Commentary 234–35).

■ The circuit court made no findings with regard to prejudice when it issued its opinion, but appellee contends that he would suffer prejudice in the following three ways: (1) in his pursuit of summary judgment; (2) in the time and expense he incurred in presenting his motions based on his reliance on the deemed admissions; and (3) in that he would hereinafter be forced to undertake a lengthy and costly search to establish the facts that have been deemed admitted. None of these is the type of prejudice that would allow us to find that the court properly exercised its discretion in refusing to grant relief from deemed admissions as to which a party had a good faith basis for denial. Appellee has failed to demonstrate how an eight day delay in denying the requested admissions caused great difficulty to appellee in defending himself.

Appellee's arguments relate to time and expenses. If appellant's denials of the requested admissions prove unfounded, appellee is not without remedy for the costs incurred defending appellant's claim. Rule 2–424(e) provides "if the party requesting the admissions later proves the genuineness of the document or the truth of the matter, the party may move for an order requiring the other party to pay the reasonable expenses incurred in making the proof, including reasonable attorney's fees." Additionally, Rule 1–341 provides for sanctions under the circumstances set forth in that rule.

■ Finally, the court must consider the culpability of appellant in failing to respond and the egregiousness of her conduct. Although the court is not specifically limited to such situations, the most severe sanctions are generally handed down as a result of willful and contumacious conduct on the part of the noncomplying party. *See Williams v. Williams,* 32 Md.App. 685, 691, 363 A.2d 598 (1976). Moreover, upon consideration of a discovery violation, the court must keep in mind the purpose of the discovery rules, which is to ensure that all parties are well-informed of the relevant facts of the case by the time trial begins. *See Laws,* 78 Md.App. at 689, 554 A.2d 1264.

Certainly, appellant's conduct in the instant case was not egregious. Counsel represented that he accidentally filed appellant's response instead of mailing it. Appellant's response was served on appellee eight days after the deadline, as soon as counsel realized his mistake, and all of this occurred at the very beginning of the litigation process. In addition, there may have been some confusion stemming from the fact that the circuit court dismissed appellant's initial complaint, with leave to amend, and did not rule on appellee's motion to strike even though it was pending at that time. Despite the fact that appellant's conduct was not egregious, the punishment was extraordinarily severe, as all the requests were deemed admitted, and summary judgment was granted in appellee's favor.

Our conclusion in this case is consistent with *Wilson v. John Crane, Inc.*, 385 Md. 185, 867 A.2d 1077 (2005). In *Wilson*, the suit was filed on March 2, 2000, and it was scheduled for trial on June 26, 2002. A defendant failed to respond timely to plaintiff's request for admissions, and on June 17, 2002, filed a motion for leave to withdraw the admissions. On June 25, 2002, the circuit court heard and denied the motion. *Id.* at 200, 867 A.2d 1077.

The Court of Appeals held that the circuit court had not abused its discretion in denying the motion. The Court pointed out that the plaintiff changed its trial strategy in reliance on the deemed admissions and would have been prejudiced by withdrawal of the admissions. *Id.* at 201, 867 A.2d 1077. The Court, emphasizing that the request came literally on the eve of trial, also found it significant that the case was part of the mass tort litigation involving claims of asbestos related injuries, litigation that has presented enormous challenges for the court system. The Court discussed at length why a continuance to cure the prejudice caused by permitting withdrawal of the admissions would have been disruptive of the handling of such cases. *Id.* at 205–213, 867 A.2d 1077.

Upon consideration of all the factors described herein, we conclude that it was an abuse of discretion for the court to grant appellee's motion to strike appellant's response, and then fail to allow appellant to withdraw such admissions. Consequently, it was improper for the court to grant appellee's motion for summary judgment based upon the deemed admissions.

We conclude this opinion with some general words of explanation and caution. Generally, the Maryland Rules will be applied literally because the satisfactory resolution of disputes through litigation is dependent upon the certainty and timeliness of the process. In many instances, the Rules themselves provide the framework for handling Rule violations, which often involve the exercise of discretion by a court. This is certainly true in the discovery area.

There have been instances, however, including several in reported cases, when a party did not bear the full effect of a Rule violation, especially when the violation was technical, was an excusable instance, not part of a pattern, not wilful, resulted in no prejudice to other parties, did not interfere with the orderly administration of the court's docket, and the sanction was grossly disproportionate to the nature of the violation.

The point is that the Rules are designed to promote justice, and their literal application will generally do so. Violations will be excused, or a lesser sanction imposed, only in those rare instances in which a literal application, or a heavier sanction, denies justice. Litigation is a dispute resolution process, not a game. Ordinarily, a trial court's exercise of discretion, including when it literally applies the Rules, will be accorded great deference and upheld.

While, in the case before us, there was no scheduling order of the court that was affected, we are aware that such orders frequently are relevant to the resolution of issues such as the one before us. This Court is mindful that, in recent years, State court judges have assumed a more active role in managing caseloads, manifested by the differentiated case

management system. Where once they were the exception, scheduling orders are now routinely entered and, as any other order of court, they are enforceable.

■■■■■■ Much as been said and written about the professionalism of lawyers, what it means, and whether it has declined. Without getting into that debate, suffice it to say, for present purposes, that this Court recognizes the tension created by increased court management of the docket. Counsel may want to overlook a Rule violation or agree to an extension of time, but has to weigh that against the risk of demonstrating that no good deed goes unpunished when an agreement puts the agreeing party in a difficult situation in terms of complying with the court's scheduling order. This requires counsel to take positions consistent with the diligent representation of their clients' interests, but does not require, and counsel should not take, positions that are arbitrary or positions that only serve to increase costs or cause delay. Courts, when faced with requests for relief as a result of Rule violations, must consider all relevant circumstances and determine whether relief is appropriate and, if so, the nature of such relief.

With respect to various types of Rule violations, including timeliness, examples of the two sides of the spectrum are easy to state. For example, as courts move toward electronic filing, lateness may be measured in minutes, not days. If a response is filed 5 minutes late, absent prejudice, a pattern of conduct, wilful conduct, or other extenuating circumstance, one would not expect a motion for sanctions to be filed. If filed, one would expect it would be denied. If, on the other hand, a late response, in context, impacts other counsel's abilities to represent their clients and to comply with existing orders and schedules, a motion is warranted, and one would expect it to result in appropriate relief. There is a sliding scale in between the two extremes. The facts, summarized at the beginning of this opinion, produced the result reached herein.

This opinion should not be interpreted as condoning the late filing of a response to a request for admissions or any other violation of the Rules. Balanced against the need for enforcement of the rules, however, is the dependence of litigants on the sound exercise of discretion, when permitted by the Rules, to prevent injustice resulting from an insubstantial technicality.

**APPELLEE'S SECOND MOTION TO DISMISS APPEAL DENIED. JUDGMENT REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE COUNTY. COSTS TO BE PAID BY APPELLEE.**